Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Alec P. Schulman (Bar No. 336491)
aschulman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiffs,*
Joanna Ardalan, Esq. and One LLP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>DOE 1, d.b.a LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a DEPUTY TRADEMARK. business entity unknown; DOE 3, p.k.a MICHELLE SPRAGUE, an individual; DOE 4, d.b.a TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-1243<br><br>**COMPLAINT FOR**<br><br>1) **INFRINGEMENT OF THE RIGHT OF PUBLICITY**<br>2) **UNFAIR COMPETITION**<br>3) **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br>4) **TRADEMARK INFRINGEMENT**<br>5) **TRADEMARK COUNTERFEITING**<br>6) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

---

**COMPLAINT**

Plaintiffs JOANNA ARDALAN, ESQ. and ONE LLP (each a "Plaintiff" and collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby allege the following claims against Defendants DOE 1, d.b.a LAW INTEGRAL, LLC, DOE 2, d.b.a DEPUTY TRADEMARK. DOE 3, p.k.a MICHELLE SPRAGUE, DOE 4, d.b.a TRADEMARK INTEGRAL, DOE 5, d.b.a BRANDREGISTRATION.ORG, and DOES 6 through 10, inclusive (each a "Defendant", and collectively, "Defendants"), as follows:

**PRELIMINARY STATEMENT**

1.      Defendants have stolen and misappropriated the identity of one of Plaintiff One LLP's partners, Plaintiff Ardalan, by falsely claiming Ardalan is the "Head IP Attorney" of Defendants Law Integral, LLC and Deputy Trademark, Trademark Integral, and Brand Registration and are using her good standing with the California State Bar and professional reputation to fraudulently profit off of trademark registration services and prelitigation legal services without her consent or knowledge.  Defendants are not lawyers and are committing fraud on the public while providing subpar legal services and while using Ms. Ardalan's name, which has diluted and tarnished Ardalan and One LLP's brand as a formidable force in intellectual property litigation. Due to the egregious nature of Defendants' fraudulent activity, Plaintiffs therefore have no choice but to bring this lawsuit to stop Defendants from engaging in further acts of right of publicity violations, trademark infringement, trademark counterfeiting, false designation of origin, unfair competition violations, and to recover damages and seek immediate injunctive relief, as discussed further below.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act (15 U.S.C. § 1051, et seq.).

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §

1

**COMPLAINT**

1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

4.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by Plaintiffs took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.  Among other things, Defendant Trademark Deputy contends that it is located in San Francisco, California. Moreover, Defendants have provided legal services under the guise that they are members of the California State Bar, when they are not.

## **PARTIES**

5.    Plaintiff Joanna Ardalan ("Ardalan") is, and at all relevant times was, an individual residing in Los Angeles County, State of California.

6.    Plaintiff One LLP ("ONE") is a limited liability partnership, existing under the laws of California, with its principal place of business in Orange County, California.

7.    On information and belief, Defendant Doe 1, doing business as Law Integral, LLC ("Integral"), claims to have its principal place of business in Dallas County, Texas, but no such entity has been registered in Texas.

8.    On information and belief, Defendant Doe 2, doing business as Deputy Trademark ("Deputy Trademark"), claims to have its principal place of business in San Francisco, California, but no such entity has been registered in California.

9.    On information and belief, Defendant Doe 3, person known as Michelle Sprague ("Sprague") is an individual, residing in Dallas County, Texas.

10.    On information and belief, Defendant Doe 4, doing business as Trademark Integral, claims to have its principal place of business in Dallas County, Texas, but no such entity has been registered in Texas.

11.    On information and belief, Defendant Doe 5, brandregistration.org is a

**COMPLAINT**

website, operated in Reykjavik, Iceland, but has not made any representations about its principal place of business.

12.     Does 6 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiffs are informed and believe and, upon such, allege that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such Defendants.

## COMMON FACTS TO ALL COUNTS

*Plaintiffs' Business as a Prominent Intellectual Property Litigation Partner and Law Firm*

13.     Plaintiff ONE is a prominent boutique law firm comprising of partners who navigate high-profile intellectual property lawsuits, entertainment disputes, and transactions. ONE's partners consist of former studio executives and in-house counsel at major entertainment and technology companies, accomplished law professors, and state and federal court practitioners. As a firm, ONE has been recognized as one of the top litigation boutiques in California.

14.     Plaintiff Ardalan is a top-rated intellectual property and business litigation attorney representing clients in the areas of copyright, trademark, counterfeiting, unfair competition, patent, trade secret, and idea theft cases.  For the last ten years, Ardalan has been an adjunct professor of law at Loyola Law School, where she teaches a copyright litigation seminar. In the past, she taught intellectual property classes at the University of Southern California and at the University of California, Irvine.  She also serves as a member of the Board of Directors for the Federal Bar Association of Orange County and has served as a member of the Board of Directors for the Los Angeles Intellectual Property Law Association. Between 2017 and 2022, Ardalan has been selected to Super Lawyers' Rising Stars, a peer

designation awarded only to a select number of attorneys in each state who have demonstrated extraordinary achievement.

15.     Because of Plaintiffs' notable success, Plaintiffs have amassed a sterling reputation in the legal community and public at large, particularly in regard to Plaintiffs' sophisticated advocacy in the intellectual property arena. Plaintiffs have spent substantial time, money, and effort in developing consumer recognition, goodwill, and awareness of their brand. Accordingly, ONE registered a trademark on October 12, 2010, ONE LLP (Standard Character Mark) for Intellectual Property consultation and Legal Services, registration number 3,861,874. A true and correct copy of the ONE LLP mark trademark certificate is attached hereto as Exhibit A.

16.     Plaintiffs' reputation for its effective representation and advocacy in the intellectual property arena makes Plaintiffs a prime target for counterfeiters, who wish to align themselves with Plaintiffs' reputation in order to give themselves credibility. These unscrupulous entities seek to tarnish Plaintiffs' brand by unlawfully affiliating ONE's attorneys to inauthentic, and harmful services, leading them to illegitimate profits. Consumers are misled when they purchase these inferior services while under the belief that they are being serviced by attorneys.

*Defendants' Business as a "Virtual Law Firm"*

17.     Integral, Deputy Trademark, and Trademark Integral hold themselves out as "virtual law offices" operating through the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com (the "Websites"). They provide trademark registration and filing services on behalf of their clients. Both businesses share a phone line and share the same personnel who answer calls as "trademark consultants" or paralegals, to gather information before sending the client to an "attorney."

18.     The website associated with Law Integral identifies only one attorney by the name of "Michelle Sprague". The Website claims Defendant Sprague is an "Entrepreneur in High-Tech Business, Co-founder of Law Integral, U.S. Licensed

Patent Agent[, and an] International Trademark Agent In Trademark Business since 2008."

19.     The Website also claims that Defendant "Sprague is licensed to practice law in the 'United States'." Plaintiffs looked up Defendant Sprague using Martindale Hubbell, which has no record of a lawyer by the name of "Michelle Sprague" anywhere in the United States.

20.      Deputytrademark.com also provides trademark registration and filing services.

21.     Trademarkintegral.com also provides trademark registration and filing services.

22.     Defendants also use the brandregistration.org domain name in the course of their communications with the United States Patent and Trademark Office.

*Defendants Unlawful Activities*

23.     Beginning on a date that is currently unknown to Plaintiffs and on information and belief, continuing to the present, Defendants have, without the consent of Plaintiffs, represented to its customers that Ardalan is the head intellectual property lawyer at LawIntegral.com, DeputyTrademark.com, trademarkintegral.com, and, on information and belief, to, and brandregistration.org. Attached as Exhibit B is a true and correct copy of a trademark application that used the brandregistration.org domain name.  They have also represented that Ardalan files trademark applications on behalf of Defendants' clients.  Ardalan has not had any involvement with Defendants or their clients in any way.

24.     Plaintiffs were alerted to Defendants unlawful acts by email on June 21, 2023, from a trademark registration applicant named Walter Ekins who was inquiring about an inaccurate trademark filing that was filed through LawIntegral.com.

25.     Ekins provided Ardalan with an email chain between Ekins and Defendants' representative communicating through the email address

hello@lawintegral.com who signed off on the emails with only the first name "Scott". Attached hereto as Exhibit C is a true and correct copy of the May 31 - June 14, 2023 email chain between Ekins and Defendants' representative.

26.     In the email chain between Ekins and Defendants' representative, Ekins was requesting a verification code that was sent to the email info@brandregistration.org, the email address Defendants used as the correspondent email address on the USPTO form that Defendants filed. Ekins inquired as to the attorney who filed his trademark application. Defendants' representative informed Ekins that "Joanna Ardalan is the attorney responsible for filing [Ekins'] application."

27.     Upon learning Ardalan's name, Ekins searched for Ardalan's Bar Number and replied to Defendants' representative including Ardalan's Bar number in the email. Defendants tacitly conceded that the Bar number associated with Ardalan was associated with the "Joanna Ardalan" he identified.

28.      Ekins subsequently contacted Ardalan to inquire as to his application's status and Ardalan informed Ekins that Ardalan had no affiliation with Defendants whatsoever.

29.     Upon further investigation, Plaintiffs uncovered that Defendants have used Ardalan's identity to manipulate and defraud its customers in the past. A Google search revealed that Defendants have used Ardalan's identity before, when Ardalan discovered a thread on the website https://www.justanswer.com/intellectual-property-law/m6awz-spent-almost-7-000-paying-company-trademark.html ("Just Answer URL"), where one of Defendants' customers complained of Defendants' subpar trademark registration work and said that Plaintiff Ardalan was Defendants' "head IP attorney", listing Plaintiff Ardalan's California State Bar Number.  The customer complained of the $7000 she spent on her legal services. A true and correct screenshot of the Just Answer URL is attached hereto as Exhibit D.

30.     On July 5, 2023, another customer contacted Plaintiff Ardalan regarding legal services he received from Law Integral, although DOES used email addresses using the deputytrademark.com and trademarkintegral.com domain name. That customer paid for trademark registration services and even engaged Defendants to send cease and desist letters. Those cease-and-desist letters were signed by "Joanna Ardalan", despite the fact that Plaintiff Ardalan was not involved in these matters. Attached as Exhibit E is a true and correct copy of a June 19, 2023 cease and desist signed by "Joanna Ardalan." Attached as Exhibit F is a true and correct copy of a June 29, 2023 correspondence sent from "Joanna Ardalan" to the victim.

31.     Defendants have held themselves out to be Ardalan, parading on Ardalan's good name and reputation— to be sponsored by, affiliated with, and otherwise connected with Plaintiffs through use of Ardalan's identity as an intellectual property attorney. Specifically, Defendants have used Ardalan's identity and her association with ONE to justify Defendants' fraudulent acts to persuade unsuspecting consumers to purchase Defendants' illegitimate trademark filing and registration services.  Defendants' victims even asked the DOE posing as Joanna Ardalan whether she was the Joanna Ardalan associated with One LLP, to which DOE stated she was Joanna Ardalan of One LLP.

32.     Defendants' actions have already confused and deceived, and threaten to further confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized and counterfeit services sold by Defendants. By its wrongful conduct, Defendants have traded upon and diminished the goodwill of Plaintiffs' brand. Further, the rendering of counterfeit services by Defendants have infringed upon the ONE LLP trademark.

33.     Defendants, by conducting business in this manner, are causing and are likely to cause further confusion or mistake or deceive consumers who purchase the unauthorized and counterfeit services.

# **FIRST CAUSE OF ACTION**

**COMPLAINT**

**Infringement of the Right of Publicity, Common Law and Cal. Civil Code § 3344**

**(By Plaintiff Ardalan Against All Defendants)**

34.     Plaintiffs incorporate here by reference the allegations set forth in paragraphs 1 through 33 above.

35.     Defendants, without Ardalan's consent, violated Ardalan's right of publicity by using her identity in connection with the servicing of Defendants' trademark filing and registration work, and for the purpose of advertising, marketing and soliciting Defendants' services. Ardalan has no association with Defendants.

36.     Ardalan is informed and believes and thereon alleges that Defendants have unlawfully and unjustly profited from the acts alleged herein. Accordingly, Ardalan is entitled to an award against Defendants for the recovery of any gains, revenue, profits and advantages Defendants have obtained as a result of their unlawful conduct, as well as Ardalan's damages, attorneys' fees and costs.

37.     As a direct and proximate result of Defendants unauthorized use of Ardalan's identity, Ardalan has been damaged in an amount to be determined at trial.

38.     On information and belief, Ardalan alleges that Defendants continue the conduct alleged above. Unless and until enjoined and restrained by order of this court, Defendants' continued use of Ardalan's identity will cause Ardalan great and irreparable injury in that the damage to her reputation will continue unabated. Ardalan has no adequate remedy at law for the injuries being suffered in that they are impossible to quantify and a judgment for monetary damages will not end the invasion of Ardalan's privacy. Accordingly, Ardalan is entitled to a temporary restraining order, preliminary injunction and permanent injunction against Defendants, and all persons acting in concert with them, prohibiting them from appropriating Ardalan's identity and reputation.

**SECOND CAUSE OF ACTION**

**COMPLAINT**

**Unfair Competition Under California Business And Professions Code §§ 17200 et seq.**

**(By Plaintiffs Against All Defendants)**

39.     Plaintiffs incorporate here by reference the allegations set forth in paragraphs 1 through 38 above.

40.     Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' services and Defendants' association with Plaintiffs, and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiffs and Defendants. Defendants' criminal operation to defraud the public constitutes an unfair business act or practice within the meaning of Business and Professions Code § 17200.

41.     Plaintiffs have sustained, and will continue to sustain, serious and irreparable injury to their business and reputation, as a direct and proximate result of Defendants' conduct. Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

42.     As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiffs are entitled to disgorgement of such funds wrongfully obtained.

43.     By reason of Defendants' acts of unfair competition as alleged herein, Plaintiffs have suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court. Accordingly, Plaintiffs are entitled to restitution in an amount to be proven at trial for their unfair, fraudulent, and illegal business practices under California Business & Professions Code § 17200.

44.     Plaintiffs are also entitled under the provisions of Business and Professions Code §17203 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices as well as the immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com.

45.     Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Plaintiffs' valuable business relationships and consumer relations and will require Plaintiffs to undertake efforts to mitigate damage to such relations, all to Plaintiffs' detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Plaintiffs, all to Plaintiffs' detriment.

## THIRD CAUSE OF ACTION

### Unfair Competition Under California Common Law

### (By Plaintiffs Against All Defendants)

46.     Plaintiffs incorporate here by reference the allegations set forth in

**COMPLAINT**

paragraphs 1 through 45 above.

47.     Upon information and belief, Defendants will continue to steal Ardalan's identity and fraudulently associate with the ONE LLP mark, thereby "passing off" Defendant's services as those of Plaintiffs.

48.     By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

49.     As a direct and proximate result of the acts and activities of Defendants complained of herein, Plaintiffs have been damaged in an amount not yet ascertainable. When Plaintiffs ascertain the full amount of damages, it will seek leave of court to amend this Complaint accordingly.

50.     Plaintiffs are informed and believe, and based thereon allege, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. Accordingly, Plaintiffs are entitled to all profit realized from Defendants' fraudulent and deceptive acts, compensatory damages for the harm Defendants have caused Plaintiffs, punitive damages for Defendants' malicious, wanton and oppressive conduct, as well as the immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com.

### FOURTH CAUSE OF ACTION

### Trademark Infringement, 15 U.S.C. § 1114

### (By Plaintiff ONE Against All Defendants)

51.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 50 above.

52.     ONE is the legal owner of the federally registered ONE LLP trademark as set forth in detail in the foregoing paragraphs.

53.     The ONE LLP mark is a valid, protectable and distinctive trademark that ONE continuously uses to promote its services since the date of first use as

11

**COMPLAINT**

designated in the USPTO records.

54.     Defendants have used and affiliated themselves with the ONE LLP mark by misappropriating Ardalan's identity, making their use of Ardalan's identity confusingly similar to the ONE LLP mark in violation of 15 U.S.C. § 1114. Indeed, Defendants' invocation of Ardalan's identity and association with the ONE LLP mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are endorsed, sponsored, approved, or connected with ONE. ONE is informed and believes and thereon alleges that Defendants utilized Ardalan's identity in order to create consumer confusion and has in fact created consumer confusion including but not limited to confusion as to affiliation or association between ONE on the one hand and Defendants on another.

55.     At no time did Defendants have the authorization, legal right, or consent to engage in such activities in disregard of ONE's rights in the ONE LLP mark.

56.     Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate intent to trade on the goodwill associated with the ONE LLP mark.

57.     ONE is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on ONE's advertising, services, and consumer recognition, Defendants have made substantial profits in amounts to be established according to proof.

58.     As a proximate result of the unfair advantage accruing to Defendants' businesses from deceptively trading on ONE's advertising, services, and consumer recognition, ONE has been damaged and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

59.     ONE is informed and believes, and thereon alleges that, unless restrained by the Court, Defendants will continue to infringe the ONE LLP mark, thus engendering a multiplicity of judicial proceedings, and that pecuniary

1    compensation will not afford ONE adequate relief for the damage to its trademark in

2    the public perception. Further, ONE is informed and believes and thereon alleges

3    that in the absence of injunctive relief, customers are likely to continue to be

4    mistaken or deceived as to the true source, origin, sponsorship, and affiliation of

5    Defendants and their services.

6         60.    ONE is informed and believes and thereon alleges that Defendants' acts

7    were committed, and continue to be committed, with actual notice of ONE's

8    exclusive rights and with an intent to cause confusion, to cause mistake, and/or to

9    deceive, and cause injury to the reputation and goodwill associated with ONE and

10   ONE's services. At a minimum, ONE is entitled to injunctive relief and to recover

11   Defendants' profits, whichever is greater, together with Plaintiffs' attorneys' fees

12   pursuant to 15 U.S.C. § 1117. In addition, pursuant to 15 U.S.C. § 1118, ONE is

13   entitled to an order requiring destruction of all infringing materials in Defendants'

14   possession.

15   **FIFTH CAUSE OF ACTION**

16   **Trademark Counterfeiting, 15 U.S.C. § 1116**

17   **(By Plaintiff ONE Against All Defendants)**

18        61.    ONE incorporates here by reference the allegations in paragraphs 1

19   through 51 above.

20        62.    Counterfeiting has been recognized as a serious issue resulting in

21   tremendous losses to American businesses. To combat counterfeits, Congress passed

22   the "Anti-Counterfeiting Consumer Protection Act of 1966" (ACPA).

23        63.    California has a similar statute in Business and Profession Code §

24   14250.

25        64.    Defendants' actions also constitute use of one or more "counterfeit

26   marks" as defined in 15 U.S.C. § 1116(d)(1)(B).

27        65.    Defendants' unauthorized use of Ardalan's identity and, thus the ONE

28   LLP mark, in addition to One LLP's mark, in connection with the sale and offer for

**COMPLAINT**

sale of counterfeit services has caused and is causing consumer confusion about the source and sponsorship of these counterfeit services.

66.     Defendants' sale of these counterfeit services has caused considerable damage to Plaintiffs' goodwill and diminished the brand recognition of the ONE LLP mark.

67.     The sales of these counterfeit services by Defendants have further resulted in lost profits to ONE and have resulted in a windfall for Defendants.

68.     ONE reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

69.     Because of the willful nature of the counterfeiting, ONE is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. §§ 1117(c)(2).

70.     In the alternative, and at a minimum, ONE is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, cost, and reasonable attorneys' fees under 15 U.S.C. §§ 1117(b).

71.     The acts of direct and/or contributory counterfeiting committed by the Defendants have caused and will continue to cause, ONE irreparable harm unless enjoined by this Court.

## SIXTH CAUSE OF ACTION

### False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a)
### (By Plaintiff ONE Against All Defendants)

72.     ONE incorporates here by reference the allegations in paragraphs 1 through 51 above.

73.     ONE is informed and believes and thereon alleges that the ONE LLP mark has become associated in the minds of ONE's customers, the legal community, and the general public with ONE and its exemplary reputation.

74.     Defendants have made unauthorized use of Ardalan's identity/provision

14

**COMPLAINT**

of legal services in association with ONE, and such unauthorized use is likely to cause consumer confusion as to the origin of the ONE LLP mark and the quality of ONE'S services.

75.     The marketing and sale of Defendants' fraudulent services constitutes false designation of origin, which is likely to cause confusion and mistake and to deceive customers and the general public as to the source or origin of such services or sponsorship or approval of such services by ONE.

76.     ONE is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

77.     ONE is informed and believes and thereon alleges that unless restrained by this Court, Defendants will continue to designate falsely the origin of their services, causing irreparable damage to ONE and engendering a multiplicity of lawsuits. Pecuniary compensation will not afford ONE adequate relief for its resulting damages. Further, ONE is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' services.

78.     ONE is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of the ONE LLP mark and with an intent to cause confusion, mistake, to deceive, and to cause injury to the reputation and goodwill associated with ONE and ONE's impeccable legal services.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Joanna Ardalan and One, LLP, respectfully request the following relief against Defendants as follows:

1.     With regard to Ardalan's claim for violation of Ardalan's Right of Publicity:

a.  Defendants' profits and actual damages;

b.  Attorneys' fees;

c.  Punitive damages, pursuant to Cal. Civ. Code Cal. Civ. Code §§ 3294(a), 3344(a); and

d.  For injunctive relief, prohibiting Defendants from continuing to use and/or profit from Ardalan's identity, and requiring Defendants to pay for the costs and distribution of corrective advertising;

2.  With regard to ONE's claim for counterfeiting:

a.  Defendants' profits and statutory damages of $2,000,000 per defendant under the ACPA;

b.  Defendants profits, these profits being trebled;

c.  Attorneys' fees;

d.  Costs of suit;

e.  Joint and several liability for landlords, officers, and directors for the knowing participation in the counterfeiting activities of the respective Defendants;

f.  The impoundment and destruction of all counterfeit materials, as well as the destruction of all tools, machines or other instrumentalities that were used to manufacture and display the counterfeit services;

3.  With regard to ONE's claim against Defendants for trademark infringement and false designation of origin:

a.  Defendants' profits pursuant to the Lanham Act;

b.  Damages sustained by ONE for trademark infringement;

c.  Trebling for a willful violation;

d.  Attorneys' fees;

e.  Costs of suit;

f.  For restitution in an amount to be proven at trial for unfair,

16

**COMPLAINT**

fraudulent, and illegal business practices under California Business & Professions Code § 17200 as well as the immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com.

4. With regard to ONE and Ardalan's common law unfair competition claim:

    a. All profit realized from Defendants' fraudulent and deceptive acts;

    b. Compensatory damages for the harm they have caused Plaintiffs;

    c. Punitive damages for Defendants' malicious, wanton and oppressive conduct;

    d. The immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com;

5. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them and each of them from:

    The use, offer, sale, display, marketing, advertising or promotion of the unauthorized and counterfeit services as identified in the complaint and any other unauthorized services or colorful imitation thereof;

6. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

7. For an order from the Court requiring that Defendants provide complete accountings for equitable relief including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions

17

**COMPLAINT**

entered into and pay restitution, including the amount of monies that should have been paid if Defendants have complied with their legal obligations, or as equity requires;

8.   Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver to Plaintiffs for destruction of all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control baring the ONE LLP mark.

9.   For damages in an amount to be proven at trial for unjust enrichment;

10.   For an award of exemplary and punitive damages in an amount to be determined by the Court;

11.   For Plaintiffs' reasonable attorneys' fees;

12.   For all costs of suit;

13.   For such other and further relief as the Court may deem just and equitable.


Dated:  July 12, 2023                    **ONE LLP**


                                                     By: */s/ Peter R. Afrasiabi*
                                                           Peter R. Afrasiabi
                                                           Alec P. Schulman

                                                           *Attorneys for Plaintiff,*
                                                           Joanna Ardalan, Esq. and One LLP

**COMPLAINT**

# EXHIBIT A



# United States of America

### United States Patent and Trademark Office

# One LLP

**Reg. No. 3,861,874**
**Registered Oct. 12, 2010**
AFRASIABI, PETER (UNITED STATES INDIVIDUAL)
4000 MACARTHUR BLVD., SUITE 1100
NEWPORT BEACH, CA 92660

**Int. Cl.: 45**
FOR: INTELLECTUAL PROPERTY CONSULTATION; LEGAL SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

**SERVICE MARK**
FIRST USE 8-31-2009; IN COMMERCE 8-31-2009.

**PRINCIPAL REGISTER**
THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LLP", APART FROM THE MARK AS SHOWN.

SN 77-802,470, FILED 8-12-2009.

REBECCA GILBERT, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT B

For assistance with TSDR, email teas@uspto.gov and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS    DOCUMENTS                                    Back to Search          Print

**Generated on:** This page was generated by TSDR on 2023-06-19 14:43:52 EDT

**Mark:** MIRACLE WOODWORKS LLC

### Miracle Woodworks LLC

**US Serial Number:** 97910786                  **Application Filing Date:** Apr. 27, 2023

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**      LIVE/APPLICATION/Awaiting Examination

The trademark application has been accepted by the Office ( minimum filing requirements) and has not yet been assigned

**Status:** New application awaiting assignment to an examining attorney. See current trademark processing wait ti

**Status Date:** May 01, 2023

## Mark Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

**Owner Name:** Ekins, Walter

**DBA, AKA, Formerly:** DBA Miracle Woodworks LLC

**Owner Address:** 30 N Gould St Suit R
Sheridan, WYOMING UNITED STATES 82801

**Legal Entity Type:** INDIVIDUAL                  **Citizenship:** UNITED STATES

## Attorney/Correspondence Information

**Attorney of Record**

**Docket Number:** WE

**Correspondent**

**Correspondent Name/Address:** EKINS, WALTER
30 N GOULD ST SUIT R
SHERIDAN, WYOMING UNITED STATES 82801

**Phone:** 415-707-7196

| | |
|---|---|
| **Correspondent e-mail:** [info@brandregistration.org](mailto:info@brandregistration.org) | **Correspondent e-mail** Yes<br>**Authorized:** |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| May 25, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| May 01, 2023 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | NEW APPLICATION PROCESSING | **Date in Location:** | May 01, 2023 |

## Assignment Abstract Of Title Information - None recorded

## Proceedings - None recorded

# EXHIBIT C

| | |
|---|---|
| **From:** | Miracle Woodworks |
| **To:** | Jo Ardalan |
| **Subject:** | Fwd: Request for Required Statement of Information Disclosure | Law Integral - Deputy Trademark |
| **Date:** | Wednesday, June 21, 2023 2:13:38 PM |

So the above started with them sending me the (I hope still) attached supposed letter from the USPTO and asking me for $265 plus their fee in order to respond to it.  You will see I eventually told them I had serious doubts about this and would check with the USPTO.  You will note they claim to be the attorney representing my claim.

There was a gap and then Amazon contacted me to say they had approved my brand registration but needed to confirm my identity and had sent the verification code to the address on record.  That is when they started insisting on receiving $100 for an additional "classification"  before they would send me the verification code which I referred to (perhaps unjustly but maybe not so much now) as extortion.  I asked the writer "Scott" to tell me what state he practiced law in and which bar association he was attached to because he just didn't sound like a lawyer.  He then clarified his status saying (June 9) " *I want to emphasize that I am not withholding any information from you intentionally. If it were within my power, I would gladly provide you with the requested code. However, I do not have access to it as I am the assigned Case Filing Manager, not the attorney. Joanna Ardalan is the attorney responsible for filing your application."*

They eventually caved and sent me the verification code (I'll send that under separate cover)

I'm so sorry this has happened to you Joanna.  Bastards.  And you send me any kind of disclosure agreement to sign that you like.

Cheers

Walter

---------- Forwarded message ---------
From: **Miracle Woodworks** <miraclegates22@gmail.com>
Date: Wed, Jun 14, 2023 at 10:01 AM
Subject: Re: Request for Required Statement of Information Disclosure | Law Integral - Deputy Trademark
To: Hello <hello@lawintegral.com>


Thank you for this Scott and the verification email was indeed received by me.  I had asked you also though to please hit reply to the verification code email and inform Amazon (as they requested) that you have forwarded the code to me and cc me on that email.  Could you do that for me please?

Thank you so much

Walter

On Mon, Jun 12, 2023 at 9:49 AM Hello <hello@lawintegral.com> wrote:

Dear Walter,

I am writing to inform you that I will forward this email to the attorney who will assume full responsibility for your case. However, I must emphasize that if your application is rejected in the future for any reason, our company cannot be held accountable.

Furthermore, I kindly request that you refrain from using the term "extortion fee." As I mentioned in a previous email, we are willing to provide you with the code, but unfortunately, we do not have access to it.

Please rest assured that our support team will send you the verification code by 12:30 pm PST today. If you have any additional questions or concerns, please let us know.

Best Regards,

Scott

**From:** Miracle Woodworks [mailto:miraclegates22@gmail.com]
**Sent:** Friday, June 9, 2023 4:16 PM
**To:** Hello <hello@lawintegral.com>
**Subject:** Re: Request for Required Statement of Information Disclosure | Law Integral - Deputy Trademark

Dear Scott,

1.  There is no need for any further classification of my application.  The classification I am under is perfectly acceptable to Amazon and they have approved it.  To put your mind at ease I take full responsibility for any problem that using the trademark (in its current classification) on Amazon causes my application.  That should assuage Joanna Ardalan of any concerns that my " application will not face any rejections and that it will be successfully registered without any obstacles."  It's my problem.

2.  Please convey to Ms Ardalan my instructions (as her client) to forward the verification code to me and to cc the email to the Amazon address given below.

3.  If Ms Ardalan requires being paid $100 purely for the courtesy of forwarding an email let me

know how to proceed with that but I will require an invoice that says "email forwarding fee" and nothing about classification.  I DO NOT wish to have my application reclassified or have a further classification added to it.  I have no choice but to pay the email forwarding fee and you know it.  That is why I am calling it extortion.  Probably a bit severe and perhaps not illegal and so not extortion but pretty coercive nonetheless and it gives me a very poor opinion of your organization.

4.  I see a Joanna Ardalan registered at the California State Bar Association practicing in Newport Beach.  Bar licence nbr 285384.  Is that who I am dealing with?

Thank you

On Fri, Jun 9, 2023 at 2:32 PM Hello <hello@lawintegral.com> wrote:

Dear Walter,

I would like to sincerely apologize if there has been any misunderstanding regarding the fee mentioned. I want to clarify that this is not an extortion fee but rather a requirement from the attorney handling your case.

If your application had already been registered, you would not have been asked to pay this additional $100. However, since your application is still in the process of registration, the attorney needs to ensure that your application will not face any rejections and that it will be successfully registered without any obstacles.

I want to emphasize that I am not withholding any information from you intentionally. If it were within my power, I would gladly provide you with the requested code. However, I do not have access to it as I am the assigned Case Filing Manager, not the attorney. Joanna Ardalan is the attorney responsible for filing your application.

I hope this explanation clarifies any confusion or concerns you may have had.

Best Regards,

Scott

**From:** Miracle Woodworks [mailto:miraclegates22@gmail.com]
**Sent:** Friday, June 9, 2023 1:38 PM
**To:** Hello <hello@lawintegral.com>
**Subject:** Re: Request for Required Statement of Information Disclosure | Law Integral - Deputy Trademark

Dear Scott,

Thank you for your email.  I am not, however, asking you to make any addition to the classification of my trademark.  As you know, that is entirely unnecessary.  I am simply asking you to forward me the email that was sent to you by Amazon and to cc the amazon address given in that forwarding.  Amazon requires this step to be certain of the legitimacy of the Trademark Correspondant, you.  They have no need of any additional classification to my trademark.

If you are saying you want $100 to click a button and fill in two addresses (one mine and one Amazon's) then fine.  I have no choice and will pay (what is quite clearly) an extortion fee.

Please tell me how I pay you the $100 extortion fee.  Also, you mention that you are an attorney in your first email.  Can you please tell me which state bar you are licenced at?

Thank you

Walter Ekins

On Fri, Jun 9, 2023 at 8:57 AM Hello <hello@lawintegral.com> wrote:

> Hello Walter,
>
> I hope this email finds you well!
>
> It is to Inform you regarding the fees for Amazon Verification code which is $100 per class.

As you have paid for just one classification, The total amount for the Amazon Brand Registry will be $100.

Once the fee has been paid, the paralegal will be sending the verification code to your email address.

Best Regards,

Scott

**From:** Miracle Woodworks [mailto:miraclegates22@gmail.com]
**Sent:** Friday, June 9, 2023 12:00 AM
**To:** Hello <hello@lawintegral.com>
**Subject:** Re: Request for Required Statement of Information Disclosure | Law Integral - Deputy Trademark

Hello Scott,

I received this from Amazon and I am requesting your help. They said in their email that they sent the Verification code to the address on the USPTO form that you filed. That address was info@brandregistration.org. I have written that address but have not received a response. I need to get that verification code that was sent to you. Below is the excerpt from the Amazon Letter.

*"We've provided a verification code to the public contact listed on the agency website where the trademark for MIRACLE Woodworks LLC is registered.*
*Case ID:* ███████
*Brand name: MIRACLE Woodworks LLC*
*To receive the verification code, contact the trademark correspondent. In addition, the trademark correspondent is required to confirm with Brand Registry once they've shared the code with you.*
*The verification code, along with confirmation from the trademark correspondent, will verify that you're approved to enroll MIRACLE Woodworks LLC in Brand Registry."*

Would you please be so kind as to forward to me the verification code that Amazon has sent you and CC it to merch.service05@amazon.com.

Thank you kindly

On Wed, May 31, 2023 at 1:25 PM Hello <hello@lawintegral.com> wrote:

Dear Walter,

Thank you for your response.

I apologize for any confusion caused. To clarify, there is no requirement for another trademark. The mention of "Second Classification" was in reference to Classification 035, which allows clients to conduct business through any online or physical platform. It was optional for you to file under this classification, and it does not pose a problem if you choose not to.

Regarding Section 1(A), this pertains to businesses that are currently operational. In this case, you will need to provide five specimens that demonstrate the use of the mark, serving as proof of the business's existence.

On the other hand, Section 1(B) is applicable when the business is yet to commence operations and denotes an intent to use the mark.

I have also attached a screenshot of the USPTO Fee Structure website for your reference.

If you need to contact the USPTO, please be aware that their representative will respond to you. However, they do not have direct access to your application. Only the attorney who filed your application has access to it.

Please feel free to reach out to me at (858) 293-4563 if you have any further questions or

concerns.

Best Regards,

Scott

--

Walter Ekins

Miracle Woodworks LLC

*"If it's a beautiful piece - it's a Miracle"*

**p:** 1-778-872-4072

**e:** miraclegates22@gmail.com, walter@miraclewoodworks.com

**w:** https://www.miraclewoodworks.com

--

Walter Ekins

Miracle Woodworks LLC

*"If it's a beautiful piece - it's a Miracle"*

**p:** 1-778-872-4072

**e:** miraclegates22@gmail.com, walter@miraclewoodworks.com

**w:** https://www.miraclewoodworks.com

--

Walter Ekins

Miracle Woodworks LLC

*"If it's a beautiful piece - it's a Miracle"*

**p:** 1-778-872-4072

**e:** miraclegates22@gmail.com, walter@miraclewoodworks.com

**w:** https://www.miraclewoodworks.com

--
Walter Ekins
Miracle Woodworks LLC

*"If it's a beautiful piece - it's a Miracle"*

**p:** 1-778-872-4072
**e:** miraclegates22@gmail.com, walter@miraclewoodworks.com
**w:** https://www.miraclewoodworks.com

--
Walter Ekins
Miracle Woodworks LLC

*"If it's a beautiful piece - it's a Miracle"*

**p:** 1-778-872-4072
**e:** miraclegates22@gmail.com, walter@miraclewoodworks.com
**w:** https://www.miraclewoodworks.com

# EXHIBIT D

By chatting and providing personal info, you understand and agree to our Terms of Service and Privacy Policy.   ✕

 *Intellectual Property Law*

🔍  How it works    Login    Contact Us

Intellectual property law questions? Ask a lawyer



Ask an Expert  >  Ask a Lawyer  >  Intellectual Property Law

## I spent almost $7,000 paying a company to trademark my

I spent almost $7,000 paying a company to trademark my company's name in all 50 states under four classifications. All they did was file under one classification which was 035 and barely defined anything that I told them I have all the text messages the company's name is ***** *****

**Lawyer's Assistant:** Is the trademark federally registered?

Yes I think so

**Lawyer's Assistant:** Have you talked to a lawyer? What documentation do you have?

They pretty much sent me documents every time we did any business this involves deputy trademark. Law integral the supposed law firm and then one more company

**Lawyer's Assistant:** Is there anything else the Lawyer should know before I connect you? Rest assured that they'll be able to help you.

I do have a lot of documents through emails. My problem is they haven't done what they said they were going to there's actually another review online stayed in the same problem this company is committing fraud and I need to what I need to do

 Welcome! How can I help with your intellectual property question?

Share this conversation  (f) (y) (in)

---



Answered in 7 minutes by:                                                6/8/2023

**IP Lawyer: Roxane P. Esq.**

**Roxane P. Esq.**                                      ✅ Verified
**Category:** Intellectual Property Law
**Satisfied Customers:** 2
**Experience:** Expert

Hello and welcome to Just Answer. My name is ***** ***** I'm a lawyer who's going to help you with your question. Did you address your question to the lawyer or firm that was helping you with the trademark registration and can you send me your engagement letter with them? What state are they located in?

[ Ask Your Own Intellectual Property Law Question ]

---

Customer attachment 6/8/2023 5:10:28 PM

🔒
Confidential

---

The company's name is ***** *****
Does a lawyer named Maverick Thompson

---

**IP Lawyer: Roxane P. Esq.**

I don't know the firm or lawyer. Can you send me the engagement letter from the firm/lawyer?

[ Ask Your Own Intellectual Property Law Question ]

---

Does the lawyer named Maverick Thompson who supposedly works for them and then there's another lawyer named Michelle Sprague supposedly works for a company called law integral
I originally used deputy trademark to file the application it's currently live in the system but it's only registered under 035 when I paid them almost $7,000 for like four or five classifications
a little bit of time passes and I receive a cease and desist order for my company name that I'm seeking to trademark with the party claiming that they are also trying to trademark that company name and then just adding three extra letters on to it and that somehow I'm infringing on there rights

I panic call the people who originally filed the trademark he puts me in contact with his lawyer law integral
AKA Michelle Sprague
she supposedly goes to this whole process of kicking their application out of the system and stopping them
from infringing on my trademark which is already filed first. This whole process cost me $10,000
But I suspect that the original cease and desist order that came from this supposed company was them all
alone and that deputy trademark and law Integral are the same company. And are scamming people. Which
is why I was able to find a complete review online just recently that looks exactly like what happened to me
https://www.worldtrademarkreview.com/data/wtr-investigation-exclusives/wtr-investigation-
exclusives/article/anatomy-of-trademark-scam-victim-speaks-out-tactics-of-low-cost-filing-platform
I can send you the engagement letter from Maverick Thompson do you have an email

**IP Lawyer:** Roxane P. Esq.

You can upload the document here by clicking on the paperclip icon.

Ask Your Own Intellectual Property Law Question

Customer attachment 6/8/2023 5:35:27 PM


Confidential

Customer attachment 6/8/2023 5:35:32 PM


Confidential

**IP Lawyer:** Roxane P. Esq.

I'd like to see the Engagement Letter and any invoices from the firm. How is Michelle Sprague involved?

Ask Your Own Intellectual Property Law Question

Maverick Thompson works for deputy trademark
When I received a cease and desist letter from some other company I immediately contact the company
who originally filed my trademark they put me in contact with law integral AKA lawyer representative
Michelle

**IP Lawyer:** Roxane P. Esq.

So Michelle Sprague filed the original trademark and Maverick Thompson is helping you with the Cease &
Desist?

Ask Your Own Intellectual Property Law Question

Maverick Thompson filed the original trademark
Michelle is their lawyer that they put us in contact with when I received the cease and desist order

**IP Lawyer:** Roxane P. Esq.

Ok, I need to review the Engagement Letter and invoices. Let me take a look at those before proceeding.
Thank you.

Ask Your Own Intellectual Property Law Question

Customer attachment 6/8/2023 5:46:24 PM



Confidential

Customer attachment 6/8/2023 5:46:29 PM

Confidential

Customer attachment 6/8/2023 5:52:03 PM

Confidential

Customer attachment 6/8/2023 5:52:07 PM

Confidential

Customer attachment 6/8/2023 5:52:09 PM



Confidential



**IP Lawyer:** Roxane P. Esq.

You could be right. I used my resources to find both Maverick Thompson and Michelle Sprague. I'm licensed in Texas (and other several other states) so I have access to some resources for registered attorneys. She is not licensed in Texas but Law Integral is based in Dallas. Same with Maverick Thompson -- I can't seem to locate him. Your next step might be to file a complaint with the Texas and California Bars. I'm going to check a few more things and will get back to you shortly.

Also: (1) how did you find Maverick Thompson; and (2) why did Maverick Thompson send you to Michelle? Have you ever spoken with either of them on the phone (or people representing themselves as those individuals) and have you ever met in person with either?

Will get back to you shortly.

> **Ask Your Own Intellectual Property Law Question**

**IP Lawyer:** Roxane P. Esq.

Hello again -- I suggest you file a complaint with the California Bar and Attorney General Consumer Fraud regarding Deputy Trademark and Maverick Thompson and same for Law Integral and Michelle Sprague in Texas. Here are some links to help you:

https://oag.ca.gov/contact/consumer-complaint-against-business-or-company (California Consumer Complaint)

https://www.calbar.ca.gov/Public/Complaints-Claims (California Bar)

https://www.texasattorneygeneral.gov/consumer-

(Texas Consumer Complaints -- YOU WILL NEED TO COPY AND PASTE THIS LINK IN YOUR BROWSER)

cdc.texasbar.com or call 1-***-***-**** (Texas Bar)

Does this help? Can I answer any further questions you may have?

Ask Your Own Intellectual Property Law Question

 Customer attachment 6/9/2023 12:31:11 AM


Confidential

 **IP Lawyer: Roxane P. Esq.**

This is so interesting because on the Integral Law website, it says that Michelle is a licensed attorney.

Ask Your Own Intellectual Property Law Question

See this is what I mean obviously there's something not right I think that deputy trademark and law integral and one more business are all the same one which means that third business is the one that sends the cease and assist orders claiming that they're trying to trademark your company name which causes you to have to spend $10,000 to challenge it

 **IP Lawyer: Roxane P. Esq.**

"Michelle SpragueEntrepreneur in High-Tech Business, Co-founder of Law Integral, U.S. Licensed Patent Agent International Trademark Agent In Trademark Business since **2008 Michelle Sprague is licensed to practice law in United States.**"

https://lawintegral.com/contact-us/ . . . and Maverick was associated with deputytrademark.com out of San Francisco. They are giving you a completely different story now. I recommend you no longer interact with them but file a complaint with the California and Texas AG Offices (info above) AND also call the California and Texas bars at the website & number I provided above.

I think you're right - the best thing to do right now is to report to the places I identified above. They can help you.

Ask Your Own Intellectual Property Law Question

what I do about all the money that I sent into this do I just file the complaint and let it be
That's screenshot I sent you that shows that they're supposed to be at least four to five categories
trademark proves that they are lying because on the official USPTO website it only shows class 035 that's
Liv

 Customer attachment 6/9/2023 12:54:38 AM


Confidential

 **IP Lawyer: Roxane P. Esq.**

You could try to sue them but I don't think you're going to get very far with that since it will cost far more to sue them than the $10,000 you've already spent. The best route for getting your money back is to report them to all the places I listed above. You could also try to sue them at the same time but my guess is you won't find them or get the money back.

By the way, the so-called disclosure on the Integral Law website is not legally compliant:

"Disclaimer -- Michelle Sprague is **licensed to practice law in United States**. Nothing in this website should be taken as engaging, or offering to engage, in any activities in any jurisdiction where those activities would constitute the unauthorized practice of law or would otherwise be unlawful or improper. The materials

and information appearing on this Website are provided for informational purposes only, do not constitute legal advice, and should not be considered legal advice. You should not take action based on this information without consulting an attorney who is licensed in your state or jurisdiction. Your visit to this site does not create an attorney-client relationship with you and any of our attorneys."

Every state required lawyers to disclose which state(s) they are licensed in.

I would be surprised if they are even located at the Dallas address they listed. Please contact those agencies tomorrow if you can. The sooner the better.

*requires

> Ask Your Own Intellectual Property Law Question

---

ok

---

**IP Lawyer: Roxane P. Esq.**

I'm so sorry this happened to you. All state bars have a State Bar webpage on which you can find a "For the Public" or "Find a Lawyer" tab. Please use that resource going forward.

> Ask Your Own Intellectual Property Law Question

---

**IP Lawyer: Roxane P. Esq.**

Is there anything further I can help you with?

> Ask Your Own Intellectual Property Law Question

---

No it's interesting that you can't take any legal action against the company like this does it by any chance show what their business is registered as

What I'm looking for is to find out who actually owns the business

---

https://apps.calbar.ca.gov/attorney/Licensee/Detail/285384

---

Customer attachment 6/9/2023 6:08:00 PM


Confidential

---

But it says right on your website that you're not a part of the State bar of California so if I was to look you up would you come up and if so do you have a link so I can look it up

---

Is there a website that I can use to look up attorneys

---

**IP Lawyer: Roxane P. Esq.**

Is that last comment and questions directed to me or did you mean for that to go to Joanna Ardalan, the lawyer you were texting with from the trademark business?

> Ask Your Own Intellectual Property Law Question

---

Good morning no I think this one was directed at you

---

**IP Lawyer: Roxane P. Esq.**

I'm sorry, I don't understand the question. I gave you the California Bar website file a complaint regarding Deputy Trademark possibly holding themselves out as a lawyer. While certain legal professionals who are

not licenses as attorneys may assist clients with limited legal matters, Maverick Thomspon might have
exceeded the scope of his permissible activities. Additionally, there could be fraud involved since he was
represented to be in California and later as a junior associate (implying he is a lawyer) in Michelle Sprague's
office. However, Michelle Sprague is (mis-)represented to be a license attorney who is in Dallas, Texas. That
is why I gave you the Texas Bar contact information.
Therefore, I do not understand what my licensure status in California has to do with it. Can you help me,
please, to understand your question and/or concern?

<div style="border:1px solid #ccc; display:inline-block; padding:8px;">Ask Your Own Intellectual Property Law Question</div>



**IP Lawyer:** **Roxane P. Esq.**

To answer your question about a website to look up lawyers, here are the link for Texas and California:
https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch#:~:text=The%20State%20Bar%20encoura
ges%20those.information%20to%20complement%20this%20information
https://www.texasbar.com/AM/Template.cfm?
Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Search_Form_Client_Main.cfm
Since lawyers are licensed by state, there's no national registry; you'd have to check each state's bar
website, which has a listing of attorneys licensed in their states.

<div style="border:1px solid #ccc; display:inline-block; padding:8px;">Ask Your Own Intellectual Property Law Question</div>

Ok thank you so much
I'm not questioning your license that text was sent to you by mistake



**IP Lawyer:** **Roxane P. Esq.**

haha - I didn't think you were! I just didn't understand the question. Thanks for clarifying.
Based on the information you have provided, I can only provide an answer which is general in nature. I
would advise you contacting the Attorney General - Consumer Protection Divisions AND the State Bars for
both California and Texas.
If you have any questions or need me to clarify anything, please reply with the information I requested, and
we can go into deeper detail at that time. Thank you again for trusting JustAnswer with your question.

<div style="border:1px solid #ccc; display:inline-block; padding:8px;">Ask Your Own Intellectual Property Law Question</div>

Thank you. Also they're claiming that someone named Joanna is the head IP attorney and I looked her up
on the website and she pops right up #285384.

Customer attachment 6/10/2023 6:34:28 PM


Confidential

Share this conversation    

---

## Related Intellectual Property Law Questions

**I need a trademark attorney to give me advice. I'd like to**

★★★★★

I need a trademark attorney to give me advice. I'd like to
use the phrase "Home Goods" (with whitespace) in an
eCommerce Business Name, e.g. "Hannah Christine Home
Goods" (as a business name or DBA). … read more


**Lori**
Juris Doctor
18,462 satisfied customers

**I'm trying to trademark an acronym. I see a few different**

★★★★★

I'm trying to trademark an acronym. I see a few different
people trademarked the 4 letter acronym in the USPTO gov
database. Do I reserve the right to trademark the 4 letters if
the letters stand for … read more


**Albert Chou, Esq.**
Patent Attorney
JD
11 satisfied customers

**Looking to understand more about a company name I would like**

looking to understand more about a company name I would
like to trademark and the probability of it happening since its
a bit similar to other company names … read more


**JKEsq**
Managing Firm Partner
21,349 satisfied customers

### Second opinion] If I intend to file a trademark application

★★★★★

second opinion] If I intend to file a trademark application can I define my services as classes in tailoring, embroidery, quilting, and general sewing, even though originally I just had classes in qui... read more



**socrateaser**
37,075 satisfied customers

### I'm looking to start a company that makes cereal bars. I

★★★★★

Second opinion] Hi, I'm looking to start a company that makes cereal bars. I want to trademark a brand name with the USPTO in Class 30 (specifically under "cereal based snack bars", "grain based food ... read more



**Thomas Swartz**
Lawyer
Juris Doctor
474 satisfied customers

### When choosing a certain class for filing a trademark, do I

★★★★★

When choosing a certain class for filing a trademark, do I get the rights for all the products and services under that class? ... read more



**Robert McEwen, Esq.**
Lawyer
Doctoral Degree
1,083 satisfied customers

### I have a trademark question. I provided the info, but then

★★★★★

Hi, I have a trademark question. I provided the info, but then my phone died when you directed me to the signup page. I'm now on my desktop. ... read more



**Lori**
Juris Doctor
18,462 satisfied customers

### I want to trademark a name. The name itself isn't TM But

★★★★★

Hi I want to trademark a name. The name itself isn't TM But there is a company with that name. Let me send you a screenshot ... read more



**JKEsq**
Managing Firm Partner
21,349 satisfied customers

### We have a question about a trademark. We want to federally

★★★★★

We want to federally register a trademark that is similar to one already registered. ... read more



**Robert McEwen, Esq.**
Lawyer
Doctoral Degree
1,083 satisfied customers

### I'm doing in-depth research on international music piracy.

★★★★★

I'm doing in-depth research on international music piracy. My question is about possible piracy in live music. There's a lot of information about recorded music piracy, and about those exploiting arti... read more



**Attorney Matt**
Attorney
Doctoral Degree
18,898 satisfied customers

### I am planning on building a solar backpack like this one It

★★★★★

I am planning on building a solar backpack like this one http://www.voltaicsystems.com/offgrid It is a bag and also a solar charger and I want to trademark the name. In general when you have a product... read more



**Thomas Swartz**
Lawyer
Juris Doctor
474 satisfied customers

### I own the domain hotscope.com. I put up a best of a web directory

★★★★★

I own the domain hotscope.com. I put up a best of a web directory called hotscope in 2002. I didn't finish it and stopped using the domain because I found out that a company in Japan trademarked the n... read more



**BiziPEsq.**
Employment Technology & Business Lawyer
Doctoral Degree
375 satisfied customers

Show more

DISCLAIMER: Answers from Experts   Show Less

DISCLAIMER: Answers from Experts on JustAnswer are not substitutes for the advice of an attorney. JustAnswer is a public forum and questions and responses are not private or confidential or protected by the attorney-client privilege. The Expert above is not your attorney, and the response above is not legal advice. You should not read this response to propose specific action or address specific circumstances, but only to give you a sense of general principles of law that might affect the situation you describe. Application of these general principles to particular circumstances must be done by a lawyer who has spoken with you in confidence, learned all relevant information, and explored various options. Before acting on these general principles, you should hire a lawyer licensed to practice law in the jurisdiction to which your question pertains.
The responses above are from individual Experts, not JustAnswer. The site and services are provided "as is". To view the verified credential of an Expert, click on the "Verified" symbol in the Expert's profile. This site is not for emergency questions which should be directed immediately by telephone or in-person to qualified professionals. Please carefully read the Terms of Service.

**JustAnswer in the News**





**What Customers are Saying**

Mr. Kaplun clearly had an exceptional understanding of the issue and was able to explain it concisely. I would recommend JustAnswer to anyone. Great service that lives up to its promises!

**Gary B.**
Edmond, OK

< Previous | Next >

**Meet the Experts**



**Robert McEwen, Esq.**
Lawyer
1,083 satisfied customers

★★★★★

Licensed Texas General Practice Attorney

< Previous | Next >


Google
★★★★★ 4.9


★★★★★ Trustpilot
TrustScore 4.2

## Why you'll love JustAnswer

JustAnswer is the best way to get expertise on-demand from doctors, lawyers, vets, mechanics and more.



Since 2003, we've helped more than 9 million people in 196 countries and have an A+ rating with BBB and a 9.6/10 rating with TrustPilot.



## Highly-rated, verified Experts

We pride ourselves in our 8-step expert quality process including license and credential checks. Vetted by us and rated by customers, like you.



## Save time and money

Your time is valuable. No more waiting rooms or exorbitant hourly fees.

I have asked several questions to different professionals. I have received well-explained, supported answers. I am very pleased with this resource and it is well worth the membership!

**Allison**, USA

Rated: ★★★★★

   

## Fast and responsive, 24/7

Need a vet in the middle of the night? Done. You'll get issues resolved, often in minutes.



## "I had a resolution within 15 minutes"

— Erin, JustAnswer customer



JustAnswer in the news:

   

EXCELENT RATINGS

Google ★★★★★ 4.9

VERIFIED & SECURE

BBB ACCREDITED BUSINESS  A+  Norton powered by digicert  DMCA PROTECTED

FREE EXPERT TIPS & ARTICLES

How to stay warm and save money
By Robyn

Winterizing your home the right way
By Carolyn Hauck

Will winterizing lower my heating bills?
By Jessica Klimczak

See More in Our Blog

USING JUSTANSWER

Ask a Question
Meet the Experts
Other Countries ▲

CUSTOMER CARE

Contact Us
Help FAQs
The JustAnswer Promise
Login
Register

GET TO KNOW US

About JustAnswer
How It Works
Press Room

JOIN US

Careers
Become an Expert
Become an Affiliate
Refer an Expert

STAY CONNECTED

© 2003-2023 JustAnswer LLC. All rights reserved.   Privacy Policy   Terms of Service   Contact Us   Sitemap

# EXHIBIT E

## Jo Ardalan

**From:**            robbyloc@yahoo.com
**Sent:**            Wednesday, July 5, 2023 12:52 PM
**To:**              Jo Ardalan
**Subject:**         Fw: Cease & Desist Letter - Trademark Infringement - Urgent Action Required
**Attachments:**     Jack Russel  Serial_number.pdf; Cease and Desist Jack Russell Great White.pdf

Here's the Cease and Desist the fake Joanna sent and signed.

----- Forwarded Message -----
**From:** Joanna <joanna@lawintegral.com>
**To:** "tommyblazeentertainment@gmail.com" <tommyblazeentertainment@gmail.com>
**Cc:** "robbyloc@yahoo.com" <robbyloc@yahoo.com>; "info@trademarkintegral.com" <info@trademarkintegral.com>
**Sent:** Monday, June 19, 2023 at 12:27:38 PM PDT
**Subject:** Cease & Desist Letter - Trademark Infringement - Urgent Action Required

**Jennifer Golan and Mark Raymond Cruz,**

I hope this email finds you well. I am writing to address a matter of utmost importance regarding the unauthorized use of intellectual property belonging to "**Jack Russell's Great White**".

Jack Russel is the rightful owner of the trademark **"Jack Russell's Great White"** and possesses full legal authority to enforce and protect the mark, ensuring 100% ownership rights.

It has come to our attention that you have been engaging in activities that infringe upon our trademark rights and intellectual property. We hereby demand that you immediately cease and desist all unauthorized use of **Jack Russell's Great White.**

This letter serves as a formal notice of our intent to protect our intellectual property rights. We consider the actions you have taken as a direct violation of applicable laws and regulations. Continued use of our trademark without proper authorization may result in legal consequences and financial liabilities.

We kindly request that you respond to this email within 10 business days confirming your compliance with our demands. Failure to do so will leave us with no choice but to pursue all available legal remedies to protect our rights and seek appropriate damages.

To avoid any further escalation of this matter, we strongly advise you to immediately cease all use of our trademark and any associated materials, including but not limited to **Jack Russell's Great White**. Please treat this matter with the utmost seriousness it deserves. We expect your prompt cooperation and compliance.

Should you have any questions or require further clarification regarding this cease and desist letter, please do not hesitate to contact us at (858) 533-1723.

We anticipate your full cooperation in resolving this matter swiftly and amicably.

Yours sincerely,

Thank you,

Joanna Ardalan



# EXHIBIT F

## Jo Ardalan

**From:** robbyloc@yahoo.com
**Sent:** Wednesday, July 5, 2023 12:41 PM
**To:** Jo Ardalan
**Subject:** Fw: PETITION FOR CANCELLATION DOCUMENT - DEPUTY TRADEMARK

----- Forwarded Message -----
**From:** Brian <brian@brianacree.com>
**To:** Robbyloc <robbyloc@yahoo.com>
**Sent:** Thursday, June 29, 2023 at 03:03:24 PM PDT
**Subject:** Re: Fw: PETITION FOR CANCELLATION DOCUMENT - DEPUTY TRADEMARK

Ok. I'll look at this tonight.  Can't believe they signed as an attorney.

On Jun 29, 2023 at 2:43 PM, <Robbyloc> wrote:

Here's what we received today from our person

----- Forwarded Message -----
**From:** Hello <hello@lawintegral.com>
**To:** "robbyloc@yahoo.com" <robbyloc@yahoo.com>
**Cc:** 'Heather Ann Swanney Kramer Russell' <heatherannrussell@hotmail.com>; 'Joanna' <joanna@lawintegral.com>; 'Info' <info@deputytrademark.com>
**Sent:** Thursday, June 29, 2023 at 02:26:47 PM PDT
**Subject:** PETITION FOR CANCELLATION DOCUMENT - DEPUTY TRADEMARK

Hello Robby, Jack and Heather,

Please find attached the petition for cancellation document. We anticipate the termination of the opponent's application within the next 24 hours.

Kind regards,

Joanna Ardalan | Senior IP Attorney

