1 | Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
2 | Alec P. Schulman (Bar No. 336491)
aschulman@onellp.com
3 | **ONE LLP**
23 Corporate Plaza, Suite 150-105
4 | Newport Beach, CA 92660
Telephone:   (949) 502-2870
5 | Facsimile:   (949) 258-5081

6 | *Attorneys for Plaintiffs,*
Joanna Ardalan, Esq. and One LLP
7 |

8 |

9 |

10 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11 |

12 |

13 | JOANNA ARDALAN, ESQ, an individual;
ONE LLP, a California Limited Liability
14 | Partnership,
15 |         Plaintiff,
16 |    v.
17 | DOE 1, d.b.a LAW INTEGRAL, LLC,
business entity unknown; DOE 2, d.b.a
18 | DEPUTY TRADEMARK, business entity
unknown; DOE 3, p.k.a MICHELLE
19 | SPRAGUE, an individual; DOE 4, d.b.a
TRADEMARK INTEGRAL, business
20 | entity unknown; DOE 5, d.b.a
BRANDREGISTRATION.ORG, business
21 | entity unknown; and DOES 6 through 10,
inclusive,
22 |         Defendants.

Case No. 8:23-cv-01243-DOC-DFM

**MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF PLAINTIFFS' EX
PARTE APPLICATION FOR
SERVICE BY EMAIL AND
REQUEST TO ORDER
REGISTRAR TO LOCK
DOMAIN NAMES**

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    BACKGROUND**

3          Plaintiffs brought this action in response to Defendants' unlawful trademark

4    registration business. Defendants have stolen Ardalan's identity, claiming Ardalan is

5    the "Head IP Attorney" for Defendants' fraudulent businesses and are using her

6    good standing with the California State Bar and professional reputation to

7    fraudulently profit off of trademark registration services and prelitigation legal

8    services without her consent. Defendants are not lawyers and are committing fraud

9    on the public while providing subpar legal services while using Ardalan's name,

10   which has diluted and tarnished Ardalan and One's brand as a formidable force in

11   intellectual property litigation. Due to the egregious nature of Defendants'

12   fraudulent activity, Plaintiffs therefore have had no choice but to bring a lawsuit to

13   stop Defendants from engaging in further acts of right of publicity violations,

14   trademark infringement, trademark counterfeiting, false designation of origin, unfair

15   competition violations, and to recover damages and seek immediate injunctive

16   relief, as discussed further below.

17          Because of the risk to the general public and Defendants' evasive tactics,

18   Plaintiffs move the Court for permission to serve Defendant by email pursuant to

19   Rule 4(f)(3) or 4(e)(1). Service by email is the only method of service reasonably

20   calculated to provide Defendants with notice of this action. Plaintiffs are informed

21   and believe that the addresses provided by Defendants on their websites are

22   fictitious. As such, service to these addresses would not provide notice. However,

23   Defendants have been actively using certain email addresses as part of their scheme.

24   Plaintiffs request that they be permitted to effect service through  (1) the email

25   address Defendants used to file the trademark applications at the center of their

26   unlawful schemes; (2) the email addresses Defendants identify as the method of

27   contact on their websites; and (3) at the email addresses Defendants have used for

28   correspondence with members of the public. These addresses are:

1

hello@lawintegral.com (found through correspondence with customers and listed on lawintegral.com); info@deputytrademark.com (correspondence with customers and listed on deputytrademark.com); info@trademarkintegral.com (correspondence with customers and listed on trademarkintregral.com); and info@randregistration.org (listed as correspondent email address on the unlawfully filed Trademark Application). Defendant uses these email addresses as their primary means of contact for the operation of their unlawful fake virtual law firm. Because service via email is not prohibited under any international agreement and has been expressly allowed in similar cases, the Court should permit Plaintiffs to serve Defendant via email pursuant to Rules 4(f)(3) or 4(e)(1).

Plaintiffs also request that the registrar, NameCheap, Inc. be ordered to lock Defendants' domain names.

## II.    FACTUAL BACKGROUND

Integral, Deputy Trademark, and Trademark Integral hold themselves out as "virtual law offices" operating through the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com (the "Websites"). They provide trademark registration and filing services on behalf of their clients. Integral and Deputy Trademark share a phone line and share the same personnel who answer calls as "trademark consultants" or paralegals, to gather information before sending the client to an "attorney." Compl., ¶¶ 17, 20-21. The website associated with Integral identifies only one - non-existent - attorney by the name of "Michelle Sprague", which claims Defendant Sprague is an "Entrepreneur in High-Tech Business, Co-founder of Law Integral, U.S. Licensed Patent Agent[, and an] International Trademark Agent In Trademark Business since 2008." Compl., ¶¶ 18-19. Defendants use the brandregistration.org domain name in the course of their communications with the United States Patent and Trademark Office. Compl., ¶ 22, Exh. B.

Beginning on a date that is currently unknown to Plaintiffs, Defendants have,

2

without Plaintiffs' consent, represented to its customers that Ardalan is the head intellectual property lawyer who files trademark applications at LawIntegral.com, DeputyTrademark.com, trademarkintegral.com, and, on information and belief, also brandregistration.org. Compl., ¶ 23. Ardalan has not had any involvement with Defendants or their clients in any way. *Id*; Declaration of Joanna Ardalan ("Ardalan Decl.") ¶ 6.

Plaintiffs were alerted to Defendants' unlawful acts by email on June 21, 2023, from a trademark registration applicant named Walter Ekins who was inquiring about an inaccurate trademark filing that was filed through Lawintegral.com. Compl., ¶ 23; Ardalan Decl. ¶ 2. Ekins provided Ardalan with correspondence Ekins had with an individual named "Scott" communicating through the email address hello@lawintegral.com, where Ekins was attempting to retrieve a verification code that was sent to the email info@brandregistration.org, the email used as the correspondent email address on the USPTO form Defendants filed. Compl., ¶¶ 25-26, Exh. C; Ardalan Decl. ¶ 3, Exhs. A & B. "Scott" informed Ekins that Ardalan was the filer of his application. Compl., ¶¶ 26-27; Ardalan Decl. ¶ 3, Exh. A.

On July 5, 2023 another one of Defendants' defrauded customers contacted Plaintiff Ardalan regarding legal services he received from Law Integral, although DOES used email addresses using the deputytrademark.com and trademarkintegral.com domain name. Compl., ¶ 30 Exhs. E & F; Ardalan Decl. ¶ 5, Exhs. D & E. That customer paid for trademark registration services, engaging Defendants to send cease and desist letters that were signed by "Joanna Ardalan", despite the fact that Plaintiff Ardalan was not involved in these matters whatsoever. *Id*.

Plaintiffs' investigation uncovered that Defendants have used Ardalan's identity to manipulate and defraud its customers in the past. Compl. ¶ 29; Ardalan Decl. ¶ 4, Exh. C. A Google search revealed that Defendants have used Ardalan's

3

identity before, when Ardalan discovered a thread on the website https://www.justanswer.com/intellectual-property-law/m6awz-spent-almost-7-000-paying-company-trademark.html ("Just Answer URL"), where one of Defendants' customers complained of Defendants' subpar trademark registration work and said that Plaintiff Ardalan was Defendants' "head IP attorney", listing Plaintiff Ardalan's California State Bar Number. *Id*. The customer complained of the $7000.00 she spent on her subpar legal services. *Id*.

Furthermore, Plaintiffs' investigation has revealed that Defendants' do not operate in the United States and the physical addresses that Defendants' hold themselves out to operate at are defunct and misleading. Declaration of Alec P. Schulman ("Schulman Decl.") ¶ 2. For example, the physical address listed on LawIntegral.com is 2200 Main Street, Dallas, Texas 75201 (the "Main Street Address"). Schulman Decl. ¶ 2(a). Counsel for Plaintiffs contacted CBRE, the property management company managing the Main Street Address, and CBRE informed counsel that they have no record of a business named Law Integral, LLC nor the attorney Michelle Sprague ever working there. *Id*.

Counsel for Plaintiffs attempted to contact the San Francisco Downtown Community Benefit District to verify the business location of Deputy Trademark at 548 Market Street, San Francisco, CA 94104 (the "Market Street Address"). Schulman Decl. ¶ 2(b). While Plaintiffs' counsel was unable to reach anyone who could provide information that could verify Deputy Trademark's Tenancy Status, a recent article in the online publication *World Trademark Review*, reported on Deputy Trademark's fraudulent practices that mirror the practices that have been perpetrated against the victims described above, and that they are likely operating outside the United States.[1] Notably, both the Main Street Address and Market Street

---

[1] See https://www.worldtrademarkreview.com/data/wtr-investigation-exclusives/wtr-investigation-exclusives/article/anatomy-of-trademark-scam-victim-speaks-out-tactics-of-low-cost-filing-platform.

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**

Address possess legitimate commercial tenants whose addresses possess suite numbers, whereas the Main Street Address and Market Street Address do not.

Counsel for Plaintiffs also attempted to verify the business location of Trademark Integral at 539 W. Commerce St #5357, Dallas, TX 75208 (the "Commerce Street Address"). Schulman Decl. ¶ 2(c). The only property that was discovered was a residential apartment building on Zillow.com.[2] *Id.*

Counsel for Plaintiffs also performed a search of the California and Texas Secretary of State websites to verify the existence of Defendants Integral (holds itself out on its website as a Texas LLC), Deputy Trademark (holds itself out as a California company), and Trademark Integral (holds itself out as a Texas company). Schulman Decl. ¶¶ 3-4. All searches of the Defendant entities revealed there are no organizations in Texas or California operating under those names. *Id.*

Finally, Counsel for Defendants conducted four separate Whois.com ("WHOIS")[3] searches to ascertain the domain registrant information for lawintegral.com, deputytrademark.com, trademarkintegral.com and brandregistration.org. Schulman Decl. ¶ 5, Exh. A. All WHOIS searches revealed that the registrant contact for all four Defendants are "private", listing "Withheld for Privacy Ehf" – an Icelandic company - as the registrant organization. *Id.*

## II.    LEGAL ARGUMENT

### a.  The Federal Rules of Civil Procedure Permit Service by Email.

Under Rule 4(f)(3), a plaintiff may serve foreign defendants by any method permitted by the court, so long as the method is not prohibited by international agreement and comports with due process. *See* Fed. R. Civ. P. 4(f)(3); *see also*

---

[2] https://www.zillow.com/homedetails/539-W-Commerce-St-1386-Dallas-TX-75208/2061777114_zpid/.

[3] WHOIS.com is a website that hosts a query and response protocol that is used for querying databases that store an Internet resource's registered users or assignees. These resources include domain names, IP address blocks and autonomous systems, but it is also used for a wider range of other information. The protocol stores and delivers database content in a human-readable format.

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313–15 (1950). Courts have routinely authorized service by email under Rule 4(f)(3). *See, e.g., Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co.*, No. 2:18-CV-01032-TSZ, 2019 U.S. Dist. LEXIS 65889, at *6 (W.D. Wash. Apr. 11, 2019); Sun v. Kao, 170 F. Supp. 3d 1321, 1327 (W.D. Wash. 2016), aff'd sub nom. Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081 (9th Cir. 2018). It is Plaintiffs' understanding that the Defendants reside outside of the United States, and thus alternative service under Rule 4(f)(3) is appropriate. Schulman Decl. ¶5.

As long as the court-directed method of service of process does not violate international agreement (and service via email does not), the Ninth Circuit requires only that the service method "comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). This means that the method must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. Courts have authorized alternative means of service under Rule 4(f)(3), including email. *Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 U.S. Dist. LEXIS 109013, at *3 (N.D. Cal. June 19, 2020) (citing *Rio Properties*, 284 F.3d at 1016).

Alternatively, in the unlikely scenario that Defendants are located in the United States (despite the clear evidence that they are not), Rule 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). As this Court is located in California, it may authorize service of process in conformity with California law.

Section 413.30 of the California Code of Civil Procedure provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be

served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30. Courts have found that service by email on domestic defendants may be appropriate under Rule 4(e)(1) and § 413.30. *See Entrepreneur Media, Inc. v. Casey*, 8:18-cv-01058-JLS-AGR, 2018 U.S. Dist. LEXIS 225061, at *4 (C.D. Cal., Oct. 1, 2018); *see also Global Impex, Inc. v. Specialty Fibres LLC*, 77 F. Supp. 3d 1268, 1271 (N.D. Ga. 2015) ("Other courts, particularly those interpreting California law as the Court does today, have accepted service via email as substituted service under Rule 4(e)"); *United Health Servs.*, 2013 U.S. Dist. LEXIS 31892, at *2 ("Courts within this district and others in California have authorized service by email . . . ."); and *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN (MDD), 2012 U.S. Dist. LEXIS 28888, at *2 (S.D. Cal. Mar. 5, 2012) ("[S]ervice at the . . . e-mail address will be reasonably calculated to give actual notice to Defendants.").

As discussed in detail fully below, service by email satisfies due process and does not violate international agreement. Service by email is particularly appropriate here because Defendants conceal their true identity from the general public, their illicit operation takes place entirely online, they confine their communications to electronic means, and they direct their customers and users to use the same contact methods that Plaintiffs propose to use here.

**b.  Serving Defendants via Email is Reasonable and Proper.**

Serving Defendants at hello@lawintegral.com; info@trademarkintegral.com; info@deputytrademark.com; and info@brandregistration.org comports with due process. *See Rio Properties*, 284 F.3d at 1016. Courts within this District routinely authorize service via email. *See, e.g., MOM Enterprises, Inc. v. Roney Innovations, LLC*, No. 20-cv-04850-TSH, 2020 U.S. Dist. LEXIS 170686, at *6 (N.D. Cal. Sept. 17, 2020); *Discord, Inc. v. Discord Sound*, No. 19-cv-05824-HSG, 2020 U.S. Dist. LEXIS 17970, at *6 (N.D. Cal. Feb. 4, 2020);  *WeWork Cos. Inc. v. WePlus*

7

*(Shanghai) Tech. Co*., No. 5:18-CV-04543-EJD, 2019 U.S. Dist. LEXIS 5047, at

*2-3 (N.D. Cal. Jan. 10, 2019); *Epic Games, Inc. v. Mendes*, No. 17-cv-06223-LB,

2018 U.S. Dist. LEXIS 14954, at *9 (N.D. Cal. Jan. 29, 2018); *Keck v. Alibaba.com,

Inc*., No. 17-cv-05672-BLF**,** 2017 U.S. Dist. LEXIS 232018, at *8 (N.D. Cal. Dec.

20, 2017).

        Indeed, courts in this Circuit have consistently found that service of process

via email is particularly appropriate where, as here, evidence shows that the

proposed email addresses are associated with the defendant's online activities. *See,

e.g., Assef v. Does 1-10*, No. 15-cv-01960-MEJ**,** 2016 U.S. Dist. LEXIS 41597, at

*11 (N.D. Cal. Mar. 28, 2016) (permitting service to email address listed on

plaintiffs' website registration); *D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-

5988 EMC, 2015 U.S. Dist. LEXIS 14683, at *5-8 (N.D. Cal. Feb. 6, 2015)

(permitting service by email and noting that "website registrations are publicly

available through the 'WhoIs' database, which compiles registration information

from various website registrars. Use of such contact information is reasonably

calculated to lead to actual notice.");  *DFSB Kollective Co. Ltd. v. Bing Yang,* No. C

11-1051 CW, 2013 U.S. Dist. LEXIS 46096, at *10 (N.D. Cal. Mar. 28, 2013)

(service of process by email proper where defendant provided email address on

website registration); *ADT Sec. Servs. v. Sec. One Int'l, Inc*., No. 11-CV-05149

YGR**,** 2012 U.S. Dist. LEXIS, at *5-6 (N.D. Cal. Aug. 14, 2012) (permitting service

by email where the email address was listed on defendant's website); *Facebook, Inc.

v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 U.S. Dist. LEXIS 42160, at *5-6

(N.D. Cal. Mar. 27, 2012) (allowing service via email because defendants relied on

e-communications to operate their businesses and Facebook had email addresses for

defendants); *Sport Lisboa e Benfica - Futebol SAD v. Doe 1*, No. CV 18-2978-

RSWL-E, 2018 U.S. Dist. LEXIS 142971, at *2 (C.D. Cal. Aug. 21, 2018)

(permitting email service where defendants provided email address on their

websites); *CloudClinic LLC v. TheraPetic Sols., Inc*., No. 17-CV-1293-JLS (NLS),

8

2017 U.S. Dist. LEXIS 177086, at *2 (S.D. Cal. Oct. 25, 2017) (permitting service by email where defendant provided his email address on domain name registrations).

Here, Plaintiffs seek to serve Defendants through the email addresses they use to operate their illegal business. Specifically, Defendants Integral and Sprague used hello@lawintegral.com as recently as June 14, 2023 to communicate with defrauded trademark applicant Ekins regarding his trademark filing and lists the hello@lawintegral.com email address as their contact email on their website. Compl., Exh. C; Ardalan Decl. ¶ 3, Exh. A. In correspondence between another defrauded trademark applicant and the "fake Joanna Ardalan", Integral cc'd the email addresses info@trademarkintegral.com and info@deputytrademark.com when conducting their fraudulent activities. Compl., Exh. E & F; Ardalan Decl. ¶ 5, Exhs. D & E. Both Defendants Trademark Integral and Deputy Trademark list the email addresses info@trademarkintegral.com and info@deputytrademark.com as their contact email on their websites. Finally, on May 1, 2023, Defendant Integral used the email address info@brandregistration.com as the correspondent email address on Ekins' trademark application. Compl., Ex. B; Ardalan Decl. ¶ 3, Ex. B.

Further Plaintiffs have already confirmed through the Main Street Address property manager that Defendants Integral and Sprague are not and have never been tenants at that location. Schulman Decl. ¶ 2(a). Plaintiffs also have been unsuccessfully in their attempts to determine the viability of the Market Street Address and Commerce Street Address, finding no information online or through municipal resources that Deputy Trademark and Trademark Integral are located at their listed addresses. Schulman Decl. ¶ 2(b-c). Indeed, as mentioned above, an online publication has already reported on Deputy Trademark's fraudulent activities and that it is suspected to conduct its illicit operation outside the United States.

Thus, there is no better way to apprise Defendants of this action than by contacting them through the exact channels they use to run their illicit schemes. *See*

9

*Keck*, 2017 U.S. Dist. LEXIS 232018, at *3 (Service by email comported with due process and was reasonably calculated to give notice when a "foreign defendant structured its business on the internet using email as the preferred contact method and did not list an easily discoverable street address"). Therefore, email service is the method most likely to provide Defendants with actual notice of this action and Plaintiffs' motion should be granted.

> ### c. The Severity of Defendants' Fraudulent Acts and Potential for Evasion Necessitate the Granting of This Application and an Order Freezing Defendants' Domains.

Defendants' predatory tactics impart the utmost urgency upon Plaintiffs, the general public and this Court to mitigate Defendants' harmful acts. Defendants' schemes have stolen thousands of dollars from hardworking and unsuspecting business owners seeking trademark filing services. Compl. ¶ 29; Ardalan Decl. ¶ 4, Exh. C. Further, Defendants have harmed the good will and reputation Plaintiffs have amassed over a prolonged period of time – two decades for Plaintiff One, and one decade for Ardalan. Without the authorization of alternative service upon Defendants via email and the locking of their domains, Defendants will continue to abscond with the ill-gotten gains they have pocketed and transfer these domains to registrars outside the reach of this Court.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' request to serve Defendants via email at the following email addresses: hello@lawintegral.com; info@trademarkintegral.com; info@deputytrademark.com; and info@brandregistration.org. Further, this court should order NameCheap, Inc. to lock the domains lawintegral.com; deputytrademark.com; trademarkintegral.com; and brandregsitration.org.

Dated: July 18, 2023                            **ONE LLP**


                                    By:  */s/ Alec P. Schulman*
                                         Alec P. Schulman
                                         Peter R. Afrasiabi

                                         *Attorneys for Plaintiffs,*
                                         Joanna Ardalan, Esq. and One LLP

**MEMORANDUM OF POINTS AND AUTHORITIES ISO EX PARTE APPLICATION**

**<u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Plaintiffs Joanna Ardalan, Esq. and One LLP, certifies that this brief contains 3,207 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 18, 2023

By:  */s/ Alec P. Schulman*
Alec P. Schulman

1
**11-6.2 CERTIFICATE OF COMPLIANCE**