1 | Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
2 | **ONE LLP**
23 Corporate Plaza, Suite 150-105
3 | Newport Beach, CA 92660
Telephone: (949) 502-2870
4 | Facsimile: (949) 258-5081

5 | *Attorneys for Plaintiffs,*
Joanna Ardalan, Esq. and One LLP
6

7

8 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

10 | JOANNA ARDALAN, ESQ, an
individual; ONE LLP, a California
Limited Liability Partnership,
11
12 | Plaintiff,
13 | v.
BINOTECH LLC,; KAREN
14 | MUMMERT; MICHAEL MUMMERT;
ABDULLAH LIMITED COMPANY,
15 | CODERS CUBE LLC, HIK TECH
LLC, DATA PATCH, INC., DOE 1,
16 | d.b.a LAW INTEGRAL, LLC, business
entity unknown; DOE 2, d.b.a DEPUTY
17 | TRADEMARK. business entity
unknown; DOE 3, p.k.a MICHELLE
18 | SPRAGUE, an individual; DOE 4, d.b.a
TRADEMARK INTEGRAL, business
19 | entity unknown; DOE 5, d.b.a
BRANDREGISTRATION.ORG,
20 | business entity unknown; and DOES 6
through 10, inclusive,
21
22 | Defendants.

Case No. 8:23-cv-01243-KK-(DFMx)
Hon. Kenly Kiya Kato

**FIRST AMENDED COMPLAINT**
**FOR**

    1) **INFRINGEMENT OF THE**
       **RIGHT OF PUBLICITY**
    2) **UNFAIR COMPETITION**
    3) **UNFAIR COMPETITION**
       **UNDER CALIFORNIA**
       **COMMON LAW**
    4) **TRADEMARK**
       **INFRINGEMENT**
    5) **TRADEMARK**
       **COUNTERFEITING**
    6) **FALSE DESIGNATION OF**
       **ORIGIN/UNFAIR**
       **COMPETITION**

**DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

Plaintiffs JOANNA ARDALAN, ESQ. and ONE LLP (each a "Plaintiff" and collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby allege the following claims against BINOTECH LLC; KAREN MUMMERT, MICHAEL MUMMERT, ABDULLAH LIMITED COMPANY, CODERS CUBE LLC, HIK TECH LLC, DATA PATCH, INC., Defendants DOE 1, d.b.a LAW INTEGRAL, LLC, DOE 2, d.b.a DEPUTY TRADEMARK. DOE 3, p.k.a MICHELLE SPRAGUE, DOE 4, d.b.a TRADEMARK INTEGRAL, DOE 5, d.b.a BRANDREGISTRATION.ORG, and DOES 6 through 10, inclusive (each a "Defendant", and collectively, "Defendants"), as follows:

## PRELIMINARY STATEMENT

1.      Defendants have stolen and misappropriated the identity of one of Plaintiff One LLP's partners, Plaintiff Ardalan, by falsely claiming Ardalan is the "Head IP Attorney" of Defendants Law Integral, LLC and Deputy Trademark, Trademark Integral, and Brand Registration and are using her good standing with the California State Bar and professional reputation to fraudulently profit off of trademark registration services and prelitigation legal services without her consent or knowledge.  Defendants are not lawyers and are committing fraud on the public while providing subpar legal services and while using Ms. Ardalan's name, which has diluted and tarnished Ardalan and One LLP's brand as a formidable force in intellectual property litigation. Due to the egregious nature of Defendants' fraudulent activity, Plaintiffs therefore have no choice but to bring this lawsuit to stop Defendants from engaging in further acts of right of publicity violations, trademark infringement, trademark counterfeiting, false designation of origin, unfair competition violations, and to recover damages and seek immediate injunctive relief, as discussed further below.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the

United States – namely, the Lanham Act (15 U.S.C. § 1051, et seq.).

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by Plaintiffs took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.  Among other things, Defendant Trademark Deputy contends that it is located in San Francisco, California. Moreover, Defendants have provided legal services under the guise that they are members of the California State Bar, when they are not.

## **PARTIES**

5.     Plaintiff Joanna Ardalan ("Ardalan") is, and at all relevant times was, an individual residing in Los Angeles County, State of California.

6.     Plaintiff One LLP ("ONE") is a limited liability partnership, existing under the laws of California, with its principal place of business in Orange County, California.

7.     On information and belief, Defendant Binotech LLC, is a limited liability company, existing under the laws of Pennsylvania, with its principal place of business located at 2172 Lucy Lane, York, Pennsylvania 17404.

8.     On information and belief Defendant Karen Mummert is an individual who resides at 2172 Lucy Lane, York, Pennsylvania 17404.

9.     On information and belief Defendant Michael Mummert is an individual who resides at 2172 Lucy Lane, York, Pennsylvania 17404.

11.     On information and belief, Defendant Abdullah Limited Company, is a limited company, existing under the laws of Pennsylvania, with its principal place of business located at 2172 Lucy Lane, York, Pennsylvania 17404.

**FIRST AMENDED COMPLAINT**

12.     On information and belief, Defendant Coders Cube LLC, is a limited company, existing under the laws of Wyoming, with its principal place of business located at 2172 Lucy Lane, York, Pennsylvania 17404.

13.     On information and belief, Defendant Hik Tech  LLC, is a limited company, existing under the laws of Pennsylvania, with its principal place of business located at 2172 Lucy Lane, York, Pennsylvania 17404.

14.     On information and belief, Defendant Data Patch Inc., is a limited company, existing under the laws of Pennsylvania, with its principal place of business located at 2172 Lucy Lane, York, Pennsylvania 17404.

15.  On information and belief, Defendant Doe 1, doing business as Law Integral, LLC ("Integral"), claims to have its principal place of business in Dallas County, Texas, but no such entity has been registered in Texas.

16.     On information and belief, Defendant Doe 2, doing business as Deputy Trademark ("Deputy Trademark"), claims to have its principal place of business in San Francisco, California, but no such entity has been registered in California.

17.     On information and belief, Defendant Doe 3, person known as Michelle Sprague ("Sprague") is an individual, residing in Dallas County, Texas.

18.     On information and belief, Defendant Doe 4, doing business as Trademark Integral, claims to have its principal place of business in Dallas County, Texas, but no such entity has been registered in Texas.

19.     On information and belief, Defendant Doe 5, brandregistration.org is a website, operated in Reykjavik, Iceland, but has not made any representations about its principal place of business.

20.     Does 6 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiffs are informed and believe and, upon such, allege that each of the Defendants designated herein as a "DOE" are legally

responsible in some manner for the events and happenings herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such Defendants.

## COMMON FACTS TO ALL COUNTS

*Plaintiffs' Business as a Prominent Intellectual Property Litigation Partner and Law Firm*

21.     Plaintiff ONE is a prominent boutique law firm comprising of partners who navigate high-profile intellectual property lawsuits, entertainment disputes, and transactions. ONE's partners consist of former studio executives and in-house counsel at major entertainment and technology companies, accomplished law professors, and state and federal court practitioners. As a firm, ONE has been recognized as one of the top litigation boutiques in California.

22.     Plaintiff Ardalan is a top-rated intellectual property and business litigation attorney representing clients in the areas of copyright, trademark, counterfeiting, unfair competition, patent, trade secret, and idea theft cases.  For the last ten years, Ardalan has been an adjunct professor of law at Loyola Law School, where she teaches a copyright litigation seminar. In the past, she taught intellectual property classes at the University of Southern California and at the University of California, Irvine.  She also serves as a member of the Board of Directors for the Federal Bar Association of Orange County and has served as a member of the Board of Directors for the Los Angeles Intellectual Property Law Association. Between 2017 and 2022, Ardalan has been selected to Super Lawyers' Rising Stars, a peer designation awarded only to a select number of attorneys in each state who have demonstrated extraordinary achievement.

23.     Because of Plaintiffs' notable success, Plaintiffs have amassed a sterling reputation in the legal community and public at large, particularly in regard to Plaintiffs' sophisticated advocacy in the intellectual property arena. Plaintiffs have spent substantial time, money, and effort in developing consumer recognition, goodwill, and awareness of their brand. Accordingly, ONE registered a trademark

**FIRST AMENDED COMPLAINT**

on October 12, 2010, ONE LLP (Standard Character Mark) for Intellectual Property consultation and Legal Services, registration number 3,861,874. A true and correct copy of the ONE LLP mark trademark certificate is attached hereto as Exhibit A.

24.     Plaintiffs' reputation for its effective representation and advocacy in the intellectual property arena makes Plaintiffs a prime target for counterfeiters, who wish to align themselves with Plaintiffs' reputation in order to give themselves credibility. These unscrupulous entities seek to tarnish Plaintiffs' brand by unlawfully affiliating ONE's attorneys to inauthentic, and harmful services, leading them to illegitimate profits. Consumers are misled when they purchase these inferior services while under the belief that they are being serviced by attorneys.

*Defendants' Business as a "Virtual Law Firm"*

25.     Integral, Deputy Trademark, and Trademark Integral hold themselves out as "virtual law offices" operating through the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com (the "Websites"). They provide trademark registration and filing services on behalf of their clients. Both businesses share a phone line and share the same personnel who answer calls as "trademark consultants" or paralegals, to gather information before sending the client to an "attorney."

26.     The website associated with Law Integral identifies only one attorney by the name of "Michelle Sprague". The Website claims Defendant Sprague is an "Entrepreneur in High-Tech Business, Co-founder of Law Integral, U.S. Licensed Patent Agent[, and an] International Trademark Agent In Trademark Business since 2008."

27.     The Website also claims that Defendant "Sprague is licensed to practice law in the 'United States'." Plaintiffs looked up Defendant Sprague using Martindale Hubbell, which has no record of a lawyer by the name of "Michelle Sprague" anywhere in the United States.

28.      Deputytrademark.com also provides trademark registration and filing

services.

29.    Trademarkintegral.com also provides trademark registration and filing services.

30.    Defendants also use the brandregistration.org domain name in the course of their communications with the United States Patent and Trademark Office.

31.    Since the filing of the Complaint, Plaintiffs issued subpoenas to various service providers in an attempt to discover the true identity of the Doe Defendants. Plaintiffs have identified Binotech LLC, Karen Mummert, Michael Mummert, Abdullah Limited Company, Coders Cube LLC, Hik Tech LLC, and Data Patch, Inc. as parties who are owning, controlling, exist as, or direct Doe Defendants for the following reasons:

- Plaintiffs subpoenaed Namecheap for identifying information on DeputyTrademark.com, TrademarkIntegral.com, and Brandregistration.org. Namecheap, Inc. is a service that permits users to register domain names and was used by Defendants to register the domain names at issue in this Action.  In response to the subpoena, Namecheap provided two "user info" results for Defendants' websites. One result identified the "Organization Street Address, City, State" as "Binotech 2172 Lucy Lane, York, Pennsylvania." Binotech LLC is an entity registered with the state of Pennsylvania and is located at 2172 Lucy Lane, York, Pennsylvania in the Secretary of State Records. The phone number listed in Namecheap's user information is 415-707-7196, which is phone number used by Defendants in at least some of the fraudulent trademark applications.
- The Binotech Website, binotechllc.com, has a similar aesthetic than and uses the same features, such as a ZenDesk Chat, as the Doe Defendant websites. Remarkably, the Binotech Website looks like an almost identical copy of the tradehubsolutionsllc.com website, that uses the same phone number as what appears in the fraudulent trademark applications, 415-707-7196 and on the user information provided by Namecheap. Exhibit G-1, Exhibit G-2.  Moreover, BinoTech's Linkedin account lists the 415-707-7196 phone number. Exhibit H.
- The LexisNexis business directory showed that Abdullah Limited Company, Coders Cube LLC, Hik Tech LLC, and Data Patch, Inc.

**FIRST AMENDED COMPLAINT**

were each associated with the address 2172 Lucy Lane, York, Pennsylvania. Each of these entities appear to have been formed between 2021 and 2024.

- 2172 Lucy Lane, York, Pennsylvania appears to be a residential address and according to LexisNexis, Karen Mummert and Michael Mummert are associated with it currently. Mr. Mummert was charged for theft by deception in York, Pennsylvania in 2022.

32.   As alleged herein, Defendants have intentionally deceived the public about their identity and, on information and belief, are using the corporate form of Binotech LLC, Abdullah Limited Company, Coders Cube LLC, Hik Tech LLC, and Data Patch, Inc., to commit further fraud on the public and on Plaintiffs as alleged throughout this complaint. On information and belief, each Defendant, whether expressly or fictitiously named, was at all times mentioned herein, the agent, employee, partner, joint venturer, co-conspirator or other representative of each remaining Defendant, and committed the acts herein alleged within the course and scope of his, her, or its respective agency, servitude, employment, partnership, conspiracy, or other representation with full knowledge, agreement, consent, authority and ratification of the remaining Defendants and pursuant to such agreement and conspiracy. As such, Defendants are alter egos of each other and should the Court recognize the corporate identity of each defendant, it will work an injustice.

*Defendants Unlawful Activities*

33.   Beginning on a date that is currently unknown to Plaintiffs and on information and belief, continuing to the present, Defendants have, without the consent of Plaintiffs, represented to its customers that Ardalan is the head intellectual property lawyer at LawIntegral.com, DeputyTrademark.com, trademarkintegral.com, and, on information and belief, to, and brandregistration.org. Attached as Exhibit B is a true and correct copy of a trademark application that used the brandregistration.org domain name. They have also represented that Ardalan

**FIRST AMENDED COMPLAINT**

files trademark applications on behalf of Defendants' clients.  Ardalan has not had any involvement with Defendants or their clients in any way.

34.     Plaintiffs were alerted to Defendants unlawful acts by email on June 21, 2023, from a trademark registration applicant named Walter Ekins who was inquiring about an inaccurate trademark filing that was filed through LawIntegral.com.

35.     Ekins provided Ardalan with an email chain between Ekins and Defendants' representative communicating through the email address hello@lawintegral.com who signed off on the emails with only the first name "Scott". Attached hereto as Exhibit C is a true and correct copy of the May 31 - June 14, 2023 email chain between Ekins and Defendants' representative.

36.     In the email chain between Ekins and Defendants' representative, Ekins was requesting a verification code that was sent to the email info@brandregistration.org, the email address Defendants used as the correspondent email address on the USPTO form that Defendants filed. Ekins inquired as to the attorney who filed his trademark application. Defendants' representative informed Ekins that "Joanna Ardalan is the attorney responsible for filing [Ekins'] application."

37.     Upon learning Ardalan's name, Ekins searched for Ardalan's Bar Number and replied to Defendants' representative including Ardalan's Bar number in the email. Defendants tacitly conceded that the Bar number associated with Ardalan was associated with the "Joanna Ardalan" he identified.

38.      Ekins subsequently contacted Ardalan to inquire as to his application's status and Ardalan informed Ekins that Ardalan had no affiliation with Defendants whatsoever.

39.     Upon further investigation, Plaintiffs uncovered that Defendants have used Ardalan's identity to manipulate and defraud its customers in the past. A Google search revealed that Defendants have used Ardalan's identity before, when

8

**FIRST AMENDED COMPLAINT**

Ardalan discovered a thread on the website https://www.justanswer.com/intellectual-property-law/m6awz-spent-almost-7-000-paying-company-trademark.html ("Just Answer URL"), where one of Defendants' customers complained of Defendants' subpar trademark registration work and said that Plaintiff Ardalan was Defendants' "head IP attorney", listing Plaintiff Ardalan's California State Bar Number.  The customer complained of the $7000 she spent on her legal services. A true and correct screenshot of the Just Answer URL is attached hereto as Exhibit D.

40.    On July 5, 2023, another customer contacted Plaintiff Ardalan regarding legal services he received from Law Integral, although DOES used email addresses using the deputytrademark.com and trademarkintegral.com domain name. That customer paid for trademark registration services and even engaged Defendants to send cease and desist letters. Those cease-and-desist letters were signed by "Joanna Ardalan", despite the fact that Plaintiff Ardalan was not involved in these matters. Attached as Exhibit E is a true and correct copy of a June 19, 2023 cease and desist signed by "Joanna Ardalan." Attached as Exhibit F is a true and correct copy of a June 29, 2023 correspondence sent from "Joanna Ardalan" to the victim.

41.    Defendants have held themselves out to be Ardalan, parading on Ardalan's good name and reputation— to be sponsored by, affiliated with, and otherwise connected with Plaintiffs through use of Ardalan's identity as an intellectual property attorney. Specifically, Defendants have used Ardalan's identity and her association with ONE to justify Defendants' fraudulent acts to persuade unsuspecting consumers to purchase Defendants' illegitimate trademark filing and registration services.  Defendants' victims even asked the DOE posing as Joanna Ardalan whether she was the Joanna Ardalan associated with One LLP, to which DOE stated she was Joanna Ardalan of One LLP.

42.    Defendants' actions have already confused and deceived, and threaten to further confuse and deceive, the consuming public concerning the source and

sponsorship of the unauthorized and counterfeit services sold by Defendants. By its wrongful conduct, Defendants have traded upon and diminished the goodwill of Plaintiffs' brand. Further, the rendering of counterfeit services by Defendants have infringed upon the ONE LLP trademark.

43.    Defendants, by conducting business in this manner, are causing and are likely to cause further confusion or mistake or deceive consumers who purchase the unauthorized and counterfeit services.

## **FIRST CAUSE OF ACTION**

**Infringement of the Right of Publicity, Common Law and Cal. Civil Code § 3344**

**(By Plaintiff Ardalan Against All Defendants)**

44.    Plaintiffs incorporate here by reference the allegations set forth in paragraphs 1 through 33 above.

45.    Defendants, without Ardalan's consent, violated Ardalan's right of publicity by using her identity in connection with the servicing of Defendants' trademark filing and registration work, and for the purpose of advertising, marketing and soliciting Defendants' services. Ardalan has no association with Defendants.

46.    Ardalan is informed and believes and thereon alleges that Defendants have unlawfully and unjustly profited from the acts alleged herein. Accordingly, Ardalan is entitled to an award against Defendants for the recovery of any gains, revenue, profits and advantages Defendants have obtained as a result of their unlawful conduct, as well as Ardalan's damages, attorneys' fees and costs.

47.    As a direct and proximate result of Defendants unauthorized use of Ardalan's identity, Ardalan has been damaged in an amount to be determined at trial.

48.    On information and belief, Ardalan alleges that Defendants continue the conduct alleged above. Unless and until enjoined and restrained by order of this court, Defendants' continued use of Ardalan's identity will cause Ardalan great and

irreparable injury in that the damage to her reputation will continue unabated. Ardalan has no adequate remedy at law for the injuries being suffered in that they are impossible to quantify and a judgment for monetary damages will not end the invasion of Ardalan's privacy. Accordingly, Ardalan is entitled to a temporary restraining order, preliminary injunction and permanent injunction against Defendants, and all persons acting in concert with them, prohibiting them from appropriating Ardalan's identity and reputation.

## SECOND CAUSE OF ACTION

**Unfair Competition Under California Business And Professions Code §§ 17200 et seq.**

**(By Plaintiffs Against All Defendants)**

49.    Plaintiffs incorporate here by reference the allegations set forth in paragraphs 1 through 38 above.

50.    Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 through 17203. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' services and Defendants' association with Plaintiffs, and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiffs and Defendants. Defendants' criminal operation to defraud the public constitutes an unfair business act or practice within the meaning of Business and Professions Code § 17200.

51.    Plaintiffs have sustained, and will continue to sustain, serious and irreparable injury to their business and reputation, as a direct and proximate result of

Defendants' conduct. Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

52.     As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiffs are entitled to disgorgement of such funds wrongfully obtained.

53.     By reason of Defendants' acts of unfair competition as alleged herein, Plaintiffs have suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court. Accordingly, Plaintiffs are entitled to restitution in an amount to be proven at trial for their unfair, fraudulent, and illegal business practices under California Business & Professions Code § 17200.

54.     Plaintiffs are also entitled under the provisions of Business and Professions Code §17203 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices as well as the immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com.

55.     Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Plaintiffs' valuable business relationships

**FIRST AMENDED COMPLAINT**

and consumer relations and will require Plaintiffs to undertake efforts to mitigate damage to such relations, all to Plaintiffs' detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Plaintiffs, all to Plaintiffs' detriment.

### THIRD CAUSE OF ACTION

**Unfair Competition Under California Common Law**

**(By Plaintiffs Against All Defendants)**

56. Plaintiffs incorporate here by reference the allegations set forth in paragraphs 1 through 45 above.

57. Upon information and belief, Defendants will continue to steal Ardalan's identity and fraudulently associate with the ONE LLP mark, thereby "passing off" Defendant's services as those of Plaintiffs.

58. By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

59. As a direct and proximate result of the acts and activities of Defendants complained of herein, Plaintiffs have been damaged in an amount not yet ascertainable. When Plaintiffs ascertain the full amount of damages, it will seek leave of court to amend this Complaint accordingly.

60. Plaintiffs are informed and believe, and based thereon allege, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. Accordingly, Plaintiffs are entitled to all profit realized from Defendants' fraudulent and deceptive acts, compensatory damages for the harm Defendants have caused Plaintiffs, punitive damages for Defendants' malicious, wanton and oppressive conduct, as well as the immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com.

### FOURTH CAUSE OF ACTION

**FIRST AMENDED COMPLAINT**

**Trademark Infringement, 15 U.S.C. § 1114**

**(By Plaintiff ONE Against All Defendants)**

61.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 50 above.

62.     ONE is the legal owner of the federally registered ONE LLP trademark as set forth in detail in the foregoing paragraphs.

63.     The ONE LLP mark is a valid, protectable and distinctive trademark that ONE continuously uses to promote its services since the date of first use as designated in the USPTO records.

64.     Defendants have used and affiliated themselves with the ONE LLP mark by misappropriating Ardalan's identity, making their use of Ardalan's identity confusingly similar to the ONE LLP mark in violation of 15 U.S.C. § 1114. Indeed, Defendants' invocation of Ardalan's identity and association with the ONE LLP mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are endorsed, sponsored, approved, or connected with ONE. ONE is informed and believes and thereon alleges that Defendants utilized Ardalan's identity in order to create consumer confusion and has in fact created consumer confusion including but not limited to confusion as to affiliation or association between ONE on the one hand and Defendants on another.

65.     At no time did Defendants have the authorization, legal right, or consent to engage in such activities in disregard of ONE's rights in the ONE LLP mark.

66.     Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate intent to trade on the goodwill associated with the ONE LLP mark.

67.     ONE is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on ONE's advertising, services, and consumer recognition, Defendants have

made substantial profits in amounts to be established according to proof.

68.    As a proximate result of the unfair advantage accruing to Defendants' businesses from deceptively trading on ONE's advertising, services, and consumer recognition, ONE has been damaged and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

69.    ONE is informed and believes, and thereon alleges that, unless restrained by the Court, Defendants will continue to infringe the ONE LLP mark, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford ONE adequate relief for the damage to its trademark in the public perception. Further, ONE is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants and their services.

70.    ONE is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of ONE's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and cause injury to the reputation and goodwill associated with ONE and ONE's services. At a minimum, ONE is entitled to injunctive relief and to recover Defendants' profits, whichever is greater, together with Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1117. In addition, pursuant to 15 U.S.C. § 1118, ONE is entitled to an order requiring destruction of all infringing materials in Defendants' possession.

## FIFTH CAUSE OF ACTION

### Trademark Counterfeiting, 15 U.S.C. § 1116

### (By Plaintiff ONE Against All Defendants)

71.    ONE incorporates here by reference the allegations in paragraphs 1 through 51 above.

72.    Counterfeiting has been recognized as a serious issue resulting in

**FIRST AMENDED COMPLAINT**

tremendous losses to American businesses. To combat counterfeits, Congress passed the "Anti-Counterfeiting Consumer Protection Act of 1966" (ACPA).

73.    California has a similar statute in Business and Profession Code § 14250.

74.    Defendants' actions also constitute use of one or more "counterfeit marks" as defined in 15 U.S.C. § 1116(d)(1)(B).

75.    Defendants' unauthorized use of Ardalan's identity and, thus the ONE LLP mark, in addition to One LLP's mark, in connection with the sale and offer for sale of counterfeit services has caused and is causing consumer confusion about the source and sponsorship of these counterfeit services.

76.    Defendants' sale of these counterfeit services has caused considerable damage to Plaintiffs' goodwill and diminished the brand recognition of the ONE LLP mark.

77.    The sales of these counterfeit services by Defendants have further resulted in lost profits to ONE and have resulted in a windfall for Defendants.

78.    ONE reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

79.    Because of the willful nature of the counterfeiting, ONE is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. §§ 1117(c)(2).

80.    In the alternative, and at a minimum, ONE is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, cost, and reasonable attorneys' fees under 15 U.S.C. §§ 1117(b).

81.    The acts of direct and/or contributory counterfeiting committed by the Defendants have caused and will continue to cause, ONE irreparable harm unless enjoined by this Court.

## SIXTH CAUSE OF ACTION

**FIRST AMENDED COMPLAINT**

**False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a)**

**(By Plaintiff ONE Against All Defendants)**

82.     ONE incorporates here by reference the allegations in paragraphs 1 through 51 above.

83.     ONE is informed and believes and thereon alleges that the ONE LLP mark has become associated in the minds of ONE's customers, the legal community, and the general public with ONE and its exemplary reputation.

84.     Defendants have made unauthorized use of Ardalan's identity/provision of legal services in association with ONE, and such unauthorized use is likely to cause consumer confusion as to the origin of the ONE LLP mark and the quality of ONE'S services.

85.     The marketing and sale of Defendants' fraudulent services constitutes false designation of origin, which is likely to cause confusion and mistake and to deceive customers and the general public as to the source or origin of such services or sponsorship or approval of such services by ONE.

86.     ONE is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

87.     ONE is informed and believes and thereon alleges that unless restrained by this Court, Defendants will continue to designate falsely the origin of their services, causing irreparable damage to ONE and engendering a multiplicity of lawsuits. Pecuniary compensation will not afford ONE adequate relief for its resulting damages. Further, ONE is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' services.

88.     ONE is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of the ONE LLP

mark and with an intent to cause confusion, mistake, to deceive, and to cause injury to the reputation and goodwill associated with ONE and ONE's impeccable legal services.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Joanna Ardalan and One, LLP, respectfully request the following relief against Defendants as follows:

1. With regard to Ardalan's claim for violation of Ardalan's Right of Publicity:

    a. Defendants' profits and actual damages;

    b. Attorneys' fees;

    c. Punitive damages, pursuant to Cal. Civ. Code Cal. Civ. Code §§ 3294(a), 3344(a); and

    d. For injunctive relief, prohibiting Defendants from continuing to use and/or profit from Ardalan's identity, and requiring Defendants to pay for the costs and distribution of corrective advertising;

2. With regard to ONE's claim for counterfeiting:

    a. Defendants' profits and statutory damages of $2,000,000 per defendant under the ACPA;

    b. Defendants profits, these profits being trebled;

    c. Attorneys' fees;

    d. Costs of suit;

    e. Joint and several liability for landlords, officers, and directors for the knowing participation in the counterfeiting activities of the respective Defendants;

    f. The impoundment and destruction of all counterfeit materials, as well as the destruction of all tools, machines or other instrumentalities that were used to manufacture and display the counterfeit services;

**FIRST AMENDED COMPLAINT**

3.      With regard to ONE's claim against Defendants for trademark infringement and false designation of origin:

      a.     Defendants' profits pursuant to the Lanham Act;

      b.     Damages sustained by ONE for trademark infringement;

      c.     Trebling for a willful violation;

      d.     Attorneys' fees;

      e.     Costs of suit;

      f.     For restitution in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under California Business & Professions Code § 17200 as well as the immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com.

4.      With regard to ONE and Ardalan's common law unfair competition claim:

      a.  All profit realized from Defendants' fraudulent and deceptive acts;

      b.  Compensatory damages for the harm they have caused Plaintiffs;

      c.  Punitive damages for Defendants' malicious, wanton and oppressive conduct;

      d.  The immediate seizure of the websites lawintegral.com, deputytrademark.com, and trademarkintegral.com;

5.      Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them and each of them from:

      The use, offer, sale, display, marketing, advertising or promotion of the unauthorized and counterfeit services as identified in the complaint and any other unauthorized services or colorful

**FIRST AMENDED COMPLAINT**

imitation thereof;

6.      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

7.      For an order from the Court requiring that Defendants provide complete accountings for equitable relief including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and pay restitution, including the amount of monies that should have been paid if Defendants have complied with their legal obligations, or as equity requires;

8.      Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver to Plaintiffs for destruction of all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control baring the ONE LLP mark.

9.      For damages in an amount to be proven at trial for unjust enrichment;

10.     For an award of exemplary and punitive damages in an amount to be determined by the Court;

11.     For Plaintiffs' reasonable attorneys' fees;

12.     For all costs of suit;

13.     For such other and further relief as the Court may deem just and equitable.

Dated:  July 12, 2024                    **ONE LLP**


                                     By: */s/ Peter R. Afrasiabi*
                                         Peter R. Afrasiabi

**FIRST AMENDED COMPLAINT**

*Attorneys for Plaintiff,*
Joanna Ardalan, Esq. and One LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST AMENDED COMPLAINT**