1  Peter R. Afrasiabi (Bar No. 193336)
   pafrasiabi@onellp.com
2  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
3  Newport Beach, CA 92660
   Telephone:  (949) 502-2870
4  Facsimile:   (949) 258-5081

5  *Attorneys for Plaintiffs,*
   Joanna Ardalan, Esq. and One LLP

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>　　　　Plaintiff,<br>　　v.<br>BINOTECH LLC,; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY, CODERS CUBE LLC, HIK TECH LLC, DATA PATCH, INC., DOE 1, d.b.a LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a DEPUTY TRADEMARK. business entity unknown; DOE 3, p.k.a MICHELLE SPRAGUE, an individual; DOE 4, d.b.a TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 8:23-cv-01243-KK-(DFMx)<br>Hon. Kenly Kiya Kato<br><br>**EX PARTE APPLICATION FOR AN ORDER GRANTING EARLY DISCOVERY TO SERVE SUBPOENA ON JP MORGAN CHASE BANK AND COMMUNITY FEDERAL SAVINGS BANK**<br><br>**[DECLARATION OF JOANNA ARDALAN AND PROPOSED ORDER FILED CONCURRENTLY HEREWITH]** |

---

**EX PARTE APPLICATION FOR AN ORDER GRANTING EARLY DISCOVERY**

I.   **INTRODUCTION AND STATEMENT OF FACTS**

Plaintiffs Joanna Ardalan and One LLP respectfully request that they be permitted to conduct early discovery on the identity of the Defendants who registered and operate the websites that are at issue in this case, lawintegral.com, brandregistration.org, trademarkintegral.com, and deputytrademark.com, through JP Morgan Chase Bank and Community Federal Savings Bank. Plaintiffs are now informed that Defendants, specifically Defendant Doe 1, Law Integral, LLC and Defendant Doe 2, Deputy Trademark, received money from their victims through at least two bank accounts, one at JP Morgan Chase, and other at Community Federal Savings Bank.

Defendants have defrauded an unknown number of victims who paid for trademark legal services believing that they had hired Plaintiff Joanna Ardalan to perform those services. While Defendants used Ms. Ardalan's name in correspondence with their "clients," Defendants had no association with Ms. Ardalan or One LLP.

Plaintiffs previously requested that they be permitted to issue subpoenas on various entities to assist them in determining the identity of the Defendants. The Court granted that request on December 13, 2023. (Dkt. 24) Plaintiffs then conducted discovery that was fruitful and Plaintiffs were able to amend their complaint to name additional parties. *See* First Amended Complaint. However, Plaintiffs believe additional parties are involved.

On September 9, 2024, another small business owner "client" of Defendant Deputy Trademark and Defendant Law Integral, Jarrod Cruzat, emailed Plaintiff Joanna Ardalan at her One LLP email address. Ardalan Decl. Ex. A (showing Law Integral providing legal services), *see* Ex. H (showing Deputy Trademark providing legal services). He believed that Joanna Ardalan from One LLP was the "Joanna Ardalan" identified in Defendants' operations. He was concerned by "Joanna Ardalan's" lack of response to his emails and the fees he had paid Deputy

1
**EX PARTE APPLICATION FOR AN ORDER GRANTING EARLY DISCOVERY**

| | |
|---|---|
| 1 | Trademark and Law Integral. This was the first time Plaintiff Joanna Ardalan ever received a communication from this victim. Ardalan Decl. ¶ 1. On or around September 10, 2024, Mr. Cruzat provided Plaintiffs with the bank account information that he had used to wire over $30,000 to Defendants, while believing he was working with "Joanna Ardalan."[1] Ardalan Decl. Ex. A. ("I've paid $30,000 to deputy trademarks not accounting for taxes and legal fees to Integral Law outlined by you below. They now are requesting 30% of the petition to cancel fee that they paid without my consent. I need written confirmation that you will not be requesting the other 70% as deputy trademarks has stated on your behalf.") Law Integral/Deputy Trademark remarkably charged this small business owner for fees that do not exist within the USPTO fee structure, such as an Attestation and Submission of Documents with the IRS and DOJ, at a cost of $2,349 per application (they submitted two applications), submissions for "specimens per class" of $299 per class (there were three classes in each of the two applications), affidavit of guarantee per class (at a cost of $399 per class), and also charged an attorney processing fee of $399 per application. *Id.* Of course, as they were impersonating Joanna Ardalan, there was no attorney "processing" the application. Defendants issued ***fake*** trademark registration certificates (Ardalan Decl., Exhibit B) and then on or around September 3, 2024 **served a fake** a cease and desist letter from another of their entities, Brand Legal Services, claiming an unnamed client had priority over Defendants' trademark because it had used the mark since April 20, 2022.[2] (Ardalan Decl. Ex. C.) Brand Legal Services attached two screenshots, one of the USPTO database and another of the Canadian Trademarks Database that made it |

---

[1] Mr. Cruzat received emails both from email addresses with the domain names lawintegral.com and deputytrademark.com. *See* Ardalan Decl. Ex. A, H.

[2] This is not the first time Defendants used "Brand Legal Services" to issue cease and desist letters to drive up "legal fees" on behalf of its clients. Another victim also disclosed that "Brand Legal Services" issued an cease and desist letter and even forwarded correspondence between Defendant posing as Joanna Ardalan and Brand Legal Service regarding a made up trademark dispute.

2

**EX PARTE APPLICATION FOR AN ORDER GRANTING EARLY DISCOVERY**

appear as though "Pacific Acquisition" was a pending application. Ardalan Decl. D, E. These screenshots were not real. Ardalan Decl. ¶ 4. After the cease and desist was issued, Law Integral/Deputy Trademark demanded "30%" of an additional fee to file a "petition to cancel" the trademark registrations that the victim had just paid to secure. Ardalan Decl. Ex. A ("They now are requesting 30% of the petition to cancel fee that they paid without my consent. I need written confirmation that you will not be requesting the other 70% as deputy trademarks has stated on your behalf.")

Plaintiffs respectfully request permission to issue subpoenas to JP Morgan Chase Bank and Community Federal Savings Bank so that Plaintiffs may discover where the money paid to these accounts are going and to the extent there are additional victims who wired money through this account, Plaintiffs would like to give notice to the new victims that Joanna Ardalan and One LLP have no association with Defendants. This discovery is especially important as three of the entities who have been added to the lawsuit in the First Amended Complaint have defaulted, thus denying Plaintiffs the opportunity to do further discovery on them to find others involved in this scheme to defraud small business owners.

## II.   PLAINTIFFS' REQUEST FOR DISCOVERY

Plaintiffs Joanna Ardalan and One LLP respectfully request that the Court permit discovery on JP Morgan Chase, N.A., and Community Federal Savings Bank regarding any bank accounts in which Defendants are the beneficiaries, as well as the two accounts specifically identified by Mr. Cruzat, to which he wired money. Ardalan Decl. Ex. F, G, H. In addition, Plaintiffs seek discovery on information that may assist identifying the persons controlling the account as well as any potential victims who may not know they have been defrauded or are in the process of being defrauded for additional funds.

## III.   CONCLUSION

Plaintiffs respectfully request that this ex parte application be granted in full.

3

EX PARTE APPLICATION FOR AN ORDER GRANTING EARLY DISCOVERY

Dated: October 29, 2024     **ONE LLP**

By: */s/ Peter R. Afrasiabi*
　　Peter R. Afrasiabi

*Attorneys for Plaintiff,*
　Joanna Ardalan, Esq. and One LLP

---

4

**EX PARTE APPLICATION FOR AN ORDER GRANTING EARLY DISCOVERY**