David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Defendants
ABDULLAH LIMITED COMPANY,
BINOTECH LLC, and HIK TECH LLC

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership, <br><br> Plaintiffs, <br><br> vs. <br><br> BINOTECH LLC; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY; CODERS CUBE LLC; HIK TECH LLC; DATA PATCH, INC.; DOE 1, d.b.a. LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a. DEPUTY TRADEMARK, business entity unknown; DOE 3, p.k.a. MICHELLE SPRAGUE, an individual; DOE 4, d.b.a. TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a. BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive, <br><br> Defendants. | Case No. 8:23-cv-01243-KK-DFM <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION AND MOTION TO SET ASIDE DEFAULT OF DEFENDANTS' ABDULLAH LIMITED COMPANY, BINOTECH LLC, and HIK TECH LLC (FRCP 55(c))** [Doc. 50] <br><br> [Concurrently filed with Declarations of Abdullah Khan, and Hamza Khan] <br><br> U.S. District Judge: <br>    Kenly Kiya Kato <br> U.S. Magistrate Judge: <br>    Douglas F. McCormick <br><br> Courtroom:  3 <br>    3470 12th Street, Riverside, California 92501 <br> Complaint filed: July 12, 2023 <br> Default taken:    October 25, 2024 <br><br> Hearing Date:    January 9, 2025 <br> Time:              9:30 a.m. |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

-1-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF MOTION TO SET ASIDE DEFAULTS

3  **1.    OVERVIEW OF FACTS AND LAW**

4  Defendants are three businesses, all Pennsylvania Limited Liability Companies,

5  identified as ABDULLAH LIMITED COMPANY, owned by Abdullah Khan, and

6  BINOTECH LLC, and HIK TECH LLC, owned by Hamza Khan.  Abdullah Khan set

7  up ABDULLAH LIMITED COMPANY with a purpose of acquiring and then re-

8  selling used cell phones, and to run adds on TikTok for other companies who were

9  providing academic tutoring services, see Abdullah Khan Decl., paras. 2-3.  He

10  resides at 2172 Lucy Lane, York, PA 17404, the home of his parents.  He used his

11  parents' home address – with their consent – as the headquarters for his company.

12  Only Abdullah Khan and his parents reside at that home; no other defendants reside

13  at, are authorized to use, or work at the home, except for Hamza Khan, see Abdullah

14  Khan Decl., paras. 4-5.  When Abdullah Khan discovered that other persons and

15  entities were using his home address, he filed a police report, see Exhibit "3," to

16  Abdullah Khan Decl.

17  Hamza Khan, brother of Abdullah Khan, is employed as a marketing

18  representative for an architecture and engineering company, who hired Techdrive Pvt

19  Ltd., to create and host a web site for each of BINOTECH LLC, and HIK TECH

20  LLC.  His business purpose was to develop a customer base for advertising which did

21  not compete with his employer, see Hamza Khan Decl., paras. 2-4.  He used his

22  parents' home address – with their consent – as the headquarters for his company.

23  Neither principal was able to accomplish the business purposes.  Shortly after

24  the web sites were created for BINOTECH LLC, and HIK TECH LLC, they were

25  hacked and control was diverted to unknown persons and entities.  Access to the sites

26  was denied to Hamza Khan.  See Hamza Khan Decl., paras. 5-6.  Neither principal

27  knew or was even aware of Plaintiff until this lawsuit, see Abdullah Khan Decl.,

28

-2-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]

para. 4, and Hamza Khan Decl., para. 5.  Hamza Khan never placed any information about her on his sites, and believes that unauthorized persons or entities took over his sites, denied him access, and now operate the sites. See Hamza Decl., paras. 5-6.

During the summer of 2024, each principal was sent an email, advising that their companies had been named in the above lawsuit. Seeking to clear their companies of liability, and to explain what had really occurred, they contacted Plaintiff Attorney Ardalan.  She arranged and recorded a zoom conference that lasted 30-40 minutes.  She did not give the principals any copy of the video conference. She asked for certain documents.  The principals explained that the companies had been in business only a short time and had performed virtually no business activities before their web sites were seized by unknown persons or entities.  They believed they were discussing settlement with Ms. Ardalan, and that upon supplying the requested documents their companies would be dismissed from the lawsuit.  All documents in their possession were supplied.  See Abdullah Khan Decl., para. 6, and Hamza Khan Decl., para. 7.

Plaintiff later advised that she wanted documents filed in the courthouse.  The principals each prepared an answer to the complaint on behalf of their respective companies and forwarded the answers to the court.  They were surprised when the answers were rejected by the clerk. See Abdullah Khan Decl., para. 7, Hamza Khan Decl., para. 8.  While they searched for an attorney, the clerk entered default on October 25, 2024, see Abdullah Khan Decl., para. 8, and Exhibit "1."  The proposed answer is attached as Exhibit "8."

Defendants seek to have their defaults set aside and their answer filed.

## 2.    LEGAL ANALYSIS

### a.    Grounds for Set Aside of Default

Fed. Rules of Civ. Proc. 55(c) provides:  "Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set

-3-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]

1  aside a final default judgment under Rule 60(b)."

2      Fed. Rules of Civ. Proc. 60(b) provides: "Grounds for Relief from a Final

3  Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a

4  party or its legal representative from a final judgment, order, or proceeding for the

5  following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..."

6      A leading case on setting aside defaults which has been cited almost 1000

7  times for this proposition is *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d

8  691, 693 (9th Cir. 2001) (family dispute over the proceeds of life insurance policy,

9  where deceased's wife failed to timely respond to the complaint, and district court

10  entered default judgment in favor of deceased's mother; reversed), overruled on other

11  grounds by *Egelhoff v. Egelhoff*, 532 U.S. 141, 147-150, 121 S. Ct. 1322 (2001). The

12  9th Circuit Court stated in *TCI*: "We hold, in accord with the long-standing principle

13  that default judgments are disfavored, that the district court abused its discretion in

14  failing to set aside the default and reach the merits."

15      The 9th Circuit Court continued in *TCI:* "Rule 60(b) is 'remedial in nature and

16  . . . must be liberally applied.' *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)." And

17  in the same paragraph:  " Put another way, where there has been no merits decision,

18  appropriate exercise of district court discretion under Rule 60(b) requires that the

19  finality interest should give way fairly readily, to further the competing interest in

20  reaching the merits of a dispute." *Id*., at 696.

21      The 9th Circuit Court identified the factors justifying set aside of default

22  judgment as: "Those factors are: whether the defendant's culpable conduct led to the

23  default; whether the defendant has a meritorious defense; and whether reopening the

24  default judgment would prejudice the plaintiff."

25      The 9th Circuit Court relied on the U.S. Supreme Court in *Pioneer Inv. Servs.*

26  *Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d

27  74 (1993) for the following proposition in *TCI*, supra, *Id*., at 696-697:

28

-4-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]

1   ... the Supreme Court's recent clarification of the concept of "excusable neglect" generally. That concept, the Supreme Court has made clear, is a
2   general equitable one, not necessarily reserved for extraordinary circumstances, and takes account of factors such as "prejudice, the length
3   of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant,
4   and whether the movant acted in good faith." ...

5   That is, if a defendant's conduct was not "culpable," then her failure to respond to a lawsuit is ordinarily "excusable," and in the interests of
6   substantial justice the better course may well be to vacate the default judgment and decide the case on the merits.
7

8   The 9th Circuit Court in *TCI* then explained: "the word "neglect" "encompasses

9   simple, faultless omissions to act and, more commonly, omissions caused by

10  carelessness." 507 U.S. at 388 ..."

11  The 9th Circuit Court in *TCI* determined there was no prejudice to plaintiff

12  "simply because a party loses a quick victory due to an opponent's procedural default

13  and must litigate on the merits."  In the case at bar, the proposed answer being

14  concurrently filed herewith, demonstrates Defendants have a meritorious defense.

15  They are victims of hacking, not perpetrators of infringement.

16  In *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d

17  922, 925 (9th Cir. 2004) (default on loan case), the 9th Circuit Court confirmed *TCI*'s

18  holding: "The "good cause" standard that governs vacating an entry of default under

19  Rule 55(c) is the same standard that governs vacating a default judgment under Rule

20  60(b)."

21  In the case at bar, default was entered by the Clerk on October 25, 2024, and

22  motion for set aside was submitted one month later.  Given the requirements to meet

23  and confer, a month should be considered quickly enough to justify set aside of

24  default.

25      **b.    Neglect as to Facts of Continuing Settlement or as to Law on**

26           **Responding to Complaint Justify Set Aside of Default**

27  In a month after entry of default, Defendants are moving to set aside the

28

-5-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]

1   default.  A mistake of law, that Defendants could represent themselves without

2   counsel is sufficient to support set aside of default, see *Brien v. Kullman Industries,*

3   *Inc.,* 71 F.3d 1073, 1077 (2d Cir. 1995) (declaratory relief action against insured on

4   property claim, insured filed notice of removal but failed to timely answer the

5   complaint because his attorney made mistake of law in believing that no answer was

6   due until after removal petitioner had been "granted," and insured's default was

7   entered, with set aside motion denied; reversed), holding: "In the present case, we

8   think that Kullman presented a meritorious defense, and therefore that the district

9   court abused its discretion in denying Kullman's motion to vacate the default

10  judgment."  Defendants here have a meritorious defense because their websites were

11  hacked, and unknown persons and/or entities falsely gave out the home address of

12  Abdullah Khan as their place of doing business, thereby misleading Plaintiff.

13      A mistake of fact, where Defendants believed that settlement discussions were

14  continuing can support set aside of default. See *Whitman v. United States Lines, Inc.,*

15  88 FRD 528, 530 (E.D. Tex. 1980) (court set aside default judgment under FRCP

16  55(c) in personal injury case), with the district court observing: "The Defendant

17  asserts that the entry of default was due to its excusable neglect, i. e., due to its good

18  faith belief that settlement negotiations were proceeding and that the dispute could be

19  resolved without resort to the courts."

20      Applying the facts in our case, Defendants' principals reasonably believed that

21  they were involved in settlement discussions with Plaintiff.  When she requested they

22  respond to the complaint, they did so, unaware that limited liability companies cannot

23  appear in pro per, but must be represented by counsel.  Then they searched for an

24  attorney, but in the meantime, Plaintiff caused their default to be entered.

25  **3.    CONCLUSIONS**

26      Defendants' culpable conduct did not lead to entry of default, since their

27  negligence, if any, was excusable based on continuing settlement discussions and

28

-6-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]

1  being unaware that an attorney had to represent limited liability companies in court

2  actions.  Defendants have a meritorious defense, because unknown persons or entities

3  hacked their websites, seized control of the sites to the exclusion of Hamza Khan and

4  misrepresented their business address as Abdullah Khan's home.  And, reopening the

5  default will not prejudice Plaintiff since a delay of a month caused by mistake is not

6  prejudicial in favor of resolution on the merits.

7          Wherefore, Defendants pray that the motion for set aside be granted, that their

8  concurrently submitted Answer be filed, and for such further proper relief.

9                                              Respectfully submitted,

10                                             FLYER & FLYER, A PROFESSIONAL
                                               LAW CORPORATION
11

12  Dated:  November 25, 2024         By:          /s/  David R. Flyer
                                               David R. Flyer
13                                             Raquel Flyer Dachner
                                               Attorneys for Defendants
14                                             ABDULLAH LIMITED COMPANY,
                                               BINOTECH LLC, and HIK TECH LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

[C:\ALL FILES\A2217\Drafts\MtnSetAside-01pld.wpd]