Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiffs,*
Joanna Ardalan, Esq. and One LLP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>BINOTECH LLC,; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY, CODERS CUBE LLC, HIK TECH LLC, DATA PATCH, INC., DOE 1, d.b.a LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a DEPUTY TRADEMARK. business entity unknown; DOE 3, p.k.a MICHELLE SPRAGUE, an individual; DOE 4, d.b.a TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-01243-KK-(DFMx)<br>Hon. Kenly Kiya Kato<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS ABABDULLAH LIMITED COMPANY, BINOTECH LLC, AND HIK TECH LLC'S MOTION TO SET ASIDE DEFAULT** |

# I. __INTRODUCTION__

Defendants have stolen and misappropriated the identity of one of Plaintiff One LLP's partners, Plaintiff Joanna Ardalan, by impersonating her while providing trademark prosecution and prelitigation services to unsuspecting clients. These clients, who are also victims, paid many thousands of dollars, in some cases up to $30,000, for trademark legal work, which was performed by a nonlawyer.

Through serving a third party subpoena on Namecheap for the identifying information of DeputyTrademark.com, TrademarkIntegral.com, and Brandregistration.org,   One LLP and Ardalan learned that at least one of the websites was registered to Binotech LLC, listed 2172 Lucy Lane, York, Pennsylvania as its address, and 415-707-7196 as its phone number. (FAC Ex. G.) Binotech's website  also listed 415-707-7196  as its phone number. Binotech's Linkedin profile, which is independent of the website,  also used the same phone number.  (FAC, Ex. H.) The 415-707-7196 number was also used on the fraudulent trademark applications.

Defendants Binotech LLC, HikTech LLC, and Abdullah Limited Company, now contend they are not involved, because they claim the Binotech website had been hacked. That narrative is implausible. They were unable to produce any documents that suggested the websites were built for legitimate business purposes; they failed to produce any credible evidence of payment to a third party for the building of the website; and while they, at first, agreed to produce all communications between Defendants and the designers of the website, they later claimed that all communications were oral.  In addition, despite their contention that they lost control of the website, somehow, someone was able to change the phone number on the website from  415-707-7196 to 213- 641-0900 after the filing of the suit. Finally, Defendants admitted they took down the site during one of their phone calls with Ardalan, thus demonstrating they control the site.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

## II.    <u>STATEMENT OF FACTS</u>

On August 8, 2024, Hamza Khan, owner of Binotech and HikTech, called counsel in this action asking for an extension to respond to the First Amended Complaint. He also claimed that he and his brother, Abdullah Khan were not involved in the fraud committed on the public by impersonating Ms. Ardalan and providing trademark services and said he needed additional time to hire an attorney.  On August 8, 2024, Ms. Ardalan agreed to provide Binotech, HikTek and Abdullah an extension to respond the First Amended Complaint to September 9, 2024. Ardalan Decl. Ex. A.  Ms. Ardalan invited the Khans to provide information that they believe  would be helpful to them. *Id.* The Khans returned a signed stipulation to extend the time to respond, which One LLP filed. (Dkt. 40.)

On September 9, 2024, the Khans sent One LLP a letter response, which provided a narrative without any documentary evidence.  On September 10, 2024, Ms. Ardalan sent correspondence to the Khans explaining "I received the letter you wrote and I'm not sure what to do with it. Are you going to appear in the lawsuit? If not, we will be filing a default." Ardalan Decl. Ex. B (9/10/24 at 12:46). On September 11, 2024, the Khans requested an additional extension of three weeks to file Defendants' response. *Id.* (9/11/24 at 10:32)

Ms. Ardalan responded to the request as follows:

On August 8, you asked for an extension of time so that you could retain an attorney. We gave you an extension until September 9 as a courtesy to you and to permit you time to retain counsel. While you accepted the extension, you did not retain counsel.

You have not provided us with any information to assist us in evaluating your claims and your deadline has now passed.

We will agree to give you one last extension, to September 30, but I cannot guarantee that the court will agree to it.

(Ex. B, 9-11-24 at 10:52)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

One LLP filed another stipulation with the new deadline to respond to September 30, 2024. The Court granted the extension.

Having provided no documentary evidence regarding their position, on September 23, 2024, the Khans emailed Ms. Ardalan stating "Me and Abdullah wanted to set up a time for a meeting either video or audio, whichever works best for you in this week, please let us know the times that works best for you." (Ex. C, 9-23-24, 8:26 am.) Ms. Ardalan agreed to a video call as suggested by the Khans, which was held on September 24, 2024. Both Khans agreed in the video to have it recorded. Ardalan Decl. Ex. H, 2:4-17. The motion suggests that the video was withheld from them, but neither the Khans nor their counsel ever asked for a copy of the video. Ardalan Decl. ¶ 5.

During the September 24, 2024, Zoom call, the Khans again represented they were not involved in the scheme to impersonate Ms. Ardalan. Ardalan Decl. Ex. H, 3:10-16. Hamza Khan represented that the Binotech website was never used by them and that he had paid a friend, Sarim Qusmi to be a liaison between Hamza and a Pakastani company, WeDriveTech to create the website. *Id.* at 9:24-11:22. Ms. Ardalan asked how Khan paid for the Binotech website. Mr. Khan stated that they were paid through Zelle. *Id.* at 10. He later stated in the call that he paid in Pakistani currency. *Id.* at 21:5-11. During the call, he agreed to produce all communications between himself and Qusmi regarding the website. *Id.* at 20:16-21. After the call, Ms. Ardalan followed up: "Please send your invoice, proof of payment and all communications between you and Sarim, and the company that put together the Binotech website (including text messages, emails, or chats)." *Id.* at Ex. C. Afterall, if Binotech was set up for a legitimate purpose, these documents would exist.

Later, Hazma contradicted his statements on the call. On September 30, 2024, he represented "There is no communication proof since it was verbal and over the phone as I told you on our video call. I will send the invoices when I get them. Since it was more

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

than 2-3 years ago, I have to retrieve them, and as soon as I do, I will forward them to you." Ex. C (9-30-24, 10:59 am); (cf Ex. H, 10:3-10; 19:11-22)[1]

On October 8, 2024, Mr. Khan sent two invoices for Binotech and Hikteck. Those invoices included metadata that showed the PDFs were created that morning, October 8, 2024. Ardalan Decl., Ex. C (10-8-24, 8:08 a.m.); Ex. D-1, D-2, E-1, E-2.  He did not produce any email messages or other documents showing how these invoices were transmitted. The invoices contradict what he said regarding how they were paid, over Zelle, and in Pakastani currency.  He did not produce communications about the creation of the website or any documentation showing he somehow lacked control of the website.

Despite the Khans representation that they  lost control the website,  the phone number originally associated with the Binotech website, 415-707-7196, which was used in the fraudulent trademark applications was later changed. Later, it was changed to 213-641-0900. (Ardalan Ex. F, G.) Both screenshots include the address they acknowledge is their home address, 2172 Lucy Lan, York, PA 17404.  And, somehow, despite claiming they no longer control the site, the Khans were able to take down the website, which Hazma acknowledged to Ms. Ardalan telephonically.

Finally, the statements that "they believed they were discussing settlement" is not supported by any of the emails or statements in the video. Defendants reached out to Ms. Ardalan hoping to convince her that they were not involved. Ms. Ardalan told them to the extent they can provide information that shows they were not, the plaintiffs would not want to pursue claims against them, and urged Defendants to provide any information they thought would be helpful. Defendants did not do that.

---

[1]    At the end of September 24, 2024 Zoom call, Hazma asked if the call would suffice in lieu of a filing with the Court. Ms. Ardalan told them it did not, and could not provide legal advice as to how to respond. (Ardalan Ex. H, 36:2-16.)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

A.   **DEFENDANTS' DEFAULT SHOULD NOT BE SET ASIDE BECAUSE DEFENDANTS HAVE NOT DEMONSTRATED EXCUSABLE NEGLECT**

Entry of default may be set aside "for good cause shown." Fed.R.Civ.P. 55(c). "[A]ny default, whether entry or judgment, can be set aside when the party in default establishes 'mistake, inadvertence, surprise or excusable neglect.'" *McNamus v. American States Ins. Co*., 201 F.R.D. 493 (C.D. Cal. 2000) (citing Fed.R.Civ.P. 60(b)). In the Ninth Circuit, this standard is not met, and a motion to set aside default can be denied, when: "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *In re Hammer,* 940 F.2d 524, 525–26 (9th Cir.1991). Significantly, only one of these factors need be present to justify denial of a motion to set aside a default judgment. *McNamus*, 201 F.R.D. at 500; *In re Hammer,* 940 F.2d at 526.

1.   **Defendants Have Not *Demonstrated* Excusable Neglect for Failing to Answer the Complaint and Instead Their Failure to Answer Is a Result of Their Culpable Conduct**

"Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 927 (9th Cir. 2004) (affirming denial of Rule 60(b)(1) motion to set aside default judgment); *see also Engleson v. Burlington N. R.R. Co*., 972 F.2d 1038, 1043 (9th Cir.1992) (articulating that "[t]o qualify for equitable relief under Rule 60(b)(1), the movant must ***demonstrate*** ... excusable neglect" and noting "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)") (citation and internal quotation marks omitted) (emphasis added).

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

Defendants have not demonstrated excusable neglect. Since Defendant first conversation with Ardalan, they represented they were looking for counsel and received two extensions for the purpose of finding counsel.  They had ample time to do so, but instead filed an answer without counsel that was stricken on October 8, 2024. (Dkt. 46). Plaintiffs did not file default until October 24, 2024, and they therefore had two additional weeks before default was entered to get counsel to fix it. They did not do so.

Defendants cannot contend that they believed their Zoom call with Ms. Ardalan was a replacement for answering the complaint. They asked Ms. Ardalan about the same on the Zoom call and Ms. Ardalan told them they needed to file a response to the Court but could not advise them on the contents of the filing because they are adversaries and it would be improper. Ardalan Decl. (Ardalan Ex. H, 36:2-16.)

And, the parties never discussed settlement or resolution of the lawsuit as part of a settlement. Ardalan Decl., ¶ 11.  The calls were an opportunity for Defendants to provide information to demonstrate they were not involved in the scheme.

### 2.    Defendants Have Not Presented a Meritorious Defense

Defendants have not presented a meritorious defense. Their contention that they are victims of hacking is not supported by the documents, which Ardalan asked for multiple times by email and by their Zoom call.

Hazma agreed to produce evidence of payment for the websites, which he initially said was completed by Zelle and communications between he and his friend, Qusmi, but later represented "There is no communication proof since it was verbal and over the phone as I told you on our video call. I will send the invoices when I get them. Since it was more than 2-3 years ago, I have to retrieve them, and as soon as I do, I will forward them to you."  Ardalan Ex. C (9-30-24, 10:59 am); (cf Ex. H, 10:3-10; 19:11-22).

The invoices Khan sent on October 8, 2024, contracted his statements about how he paid for the website and included metadata that showed the PDFs were created that morning. Ardalan Decl., Ex. C (10-8-24, 8:08 a.m.); Ex. D-1, D-2, E-1, E-2.  He did not

7

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

produce any email messages or other documents showing how these invoices were transmitted. The invoices contradict what he said regarding how they were paid, over Zelle and in Pakastani currency. He did not produce communications about the creation of the website or any documentation showing he somehow lacked from control of the website as he promised.

Significantly, the phone number originally associated with the Binotech website, 415-707-7196, which was used in the fraudulent trademark applications was later changed to 213- 641-0900 after the filing of the suit. (Ardalan Ex. F, G.) Both screenshots include the address Defendants acknowledge is their home address, 2172 Lucy Lane, York, PA 17404. And, somehow, despite claiming they no longer control the site, the Khans were able to take down the website, which Hazma acknowledged to Ms. Ardalan telephonically. Ardalan Decl. ¶ 11.

### 3.    Defendants' Motion Should Be Denied Because the Default Will Prejudice One LLP and Ardalan

Plaintiffs will be prejudiced if the default gets set aside.

There are numerous innocent victims of this fraud who have paid Defendants money for trademark applications for their businesses/livelihoods and those victims think Plaintiff Joanna Ardalan/One LLP are their lawyers, because of the illegal use of her professional reputation and name. This has been done by the use of the websites at issue, and the judgment needs to be entered to permanently take the websites, have them shut down permanently at the Domain Registrar level, and also to allow that if this behavior occurs in the future, then contempt powers can be brought to bear on the Defendants for the shameful use of another's professional reputation to defraud the citizenry.

In addition, Ardalan and One LLP have given Defendants ample opportunity to provide information that would assist their position, but they have none and they have not presented any documentary evidence in their motion. Defendants inability to produce evidence corroborating their position strongly supports the notion that they will not be

8

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

prejudiced by default, but Plaintiffs will be, as they have invested substantial time and money in giving Defendants a meaningful opportunity to discuss the merits of this case.

### III.    CONCLUSION

Ardalan and One LLP respectfully request that the Court denies Defendants' motion to set aside default.


Dated:  December 19, 2024                      **ONE LLP**


                                       By: */s/ Peter R. Afrasiabi*
                                           Peter R. Afrasiabi

                                           *Attorneys for Plaintiffs,*
                                           Joanna Ardalan, Esq. and One LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT**