David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Defendants
ABDULLAH LIMITED COMPANY,
BINOTECH LLC, and HIK TECH LLC

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>BINOTECH LLC; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY; CODERS CUBE LLC; HIK TECH LLC; DATA PATCH, INC.; DOE 1, d.b.a. LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a. DEPUTY TRADEMARK, business entity unknown; DOE 3, p.k.a. MICHELLE SPRAGUE, an individual; DOE 4, d.b.a. TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a. BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-01243-KK-DFM<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT OF DEFENDANTS' ABDULLAH LIMITED COMPANY, BINOTECH LLC, and HIK TECH LLC (FRCP 55(c))**<br>[Doc. 54]<br><br>U.S. District Judge:<br>     Kenly Kiya Kato<br>U.S. Magistrate Judge:<br>     Douglas F. McCormick<br><br>Courtroom:  3<br>     3470 12th Street, Riverside, California 92501<br>Complaint filed: July 12, 2023<br>Default taken:   October 25, 2024<br><br>Hearing Date:   January 9, 2025<br>Time:           9:30 a.m. |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

-1-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
Case No. 8:23-cv-01243-KK-DFM
U.S. District Judge Kenly Kiya Kato

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]

# REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULTS

**1. Analysis of Motion and Opposition**

Plaintiffs oppose set aside motion [Doc. 54]: First, they argue that their reputations were seriously damaged by misappropriation of identity, and that many Defendants collectively acted to cause harm based on having the same address and phone number [Doc. 56, 2:2-14]. The concerted action of all Defendants is described in further detail in the First Amended Complaint ("FAC") [Doc. 29, 7:21-25]:

> The Binotech Website, binotechllc.com, has a similar aesthetic than [sic?] and uses the same features, such as a ZenDesk Chat, as the Doe Defendant websites. Remarkably, the Binotech Website looks like an almost identical copy of the tradehubsolutionsllc.com website, that uses the same phone number as what appears in the fraudulent trademark applications, 415-707-7196 ...

The short answer is that the Binotech Website may have looked like other websites, but there is NO allegation that the Binotech Website actually misappropriated Plaintiffs' identities. See Plaintiffs' evidence of the Binotech Website at Ex. "F" [Doc. 56-9] and Ex. "G" [Doc. 56-10]. The similarity in appearance is likely due to having the same website creator, rather than some nefarious purpose. Further, use by other Defendants of Moving Parties' home address and phone number is consistent with Binotech, LLC and Hik Tech, LLC having been hacked, see Hamza Khan decl., para. 6 [Doc. 54-3, 2:16-22].

Second, Plaintiffs argue that Defendants provided little evidence related to "building the websites for legitimate purposes ...," and Binotech was able to take down the website which showed control [Doc. 56, 2:15-25]. The short answer explaining lack of documents for the webite, other than paid invoices for creation, is set forth in the partial transcript of Hamza Khan's statement [Doc. 56-11, 5:6-16]:

> Because it cost me a couple hundred bucks to get this website up and running. It was never a major investment for me until I created it because I wanted to start a business but then got a full-time job in Hunt Valley and so I got preoccupied with that and never had time to do anything with my business ...

-2-

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
Case No. 8:23-cv-01243-KK-DFM
U.S. District Judge Kenly Kiya Kato

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]

Hamza Khan started the site but paid scant attention to it since he landed a job after college. He took down the site after a complaint was made by Plaintiffs.

Third, Plaintiffs attempt to impugn Hamza Khan's credibility by suggesting that although, he produced invoices for creation of websites for each of his Companies (Binotech, LLC and Hik Tech, LLC) which were identical to those presented in the set aside motion [see Docs. 54-10 and 54-11], the invoices were recent in time creations [Doc. 56, 5:3-9]. Ms. Ardalan's declaration lacks foundation for acquiring and/or interpreting "metadata," [Doc. 56-1, 2:20-25], per *Federal Rule of Evidence* 602: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Ms. Ardalan's attack on credibility is thwarted by her failure to show personal knowledge for her opinions. Her version of time of creation is simply her unsupported version. And, her reliance on an unsworn, partial transcript for impeachment is objectionable based on *Federal Rule of Evidence* 106: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Moving Parties also object that the unsworn transcript which has not been provided despite request, contains hearsay under *Federal Rule of Evidence* 802. Plaintiffs argue that there were no emails, and the phone number changed, which is again consistent with Hamza Khan being hacked shortly after business start-up, and having no control over the website, see his declaration [Doc. 54-3, para. 6, 2:16-22].

Finally, Plaintiffs argue lack of meritorious defense [Doc. 56, 7:16-8:12]. They assert that in their interpretation, hacking is not supported by documents provided, again raising credibility with method of payment to the website creator, and changing of phone number. The short answer is found in the only case cited by both parties, *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926

-3-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
Case No. 8:23-cv-01243-KK-DFM
U.S. District Judge Kenly Kiya Kato

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]

1  (9th Cir. 2004) [Doc. 54-1, 5:16-20] and [Doc. 56, 6:20-21] where set aside was
2  denied because: "HRG never did [provide specific facts to support meritorious
3  defense]. Instead, it offered the district court only conclusory statements that a
4  dispute existed."  By contrast, Defendants Binotech, LLC and Hik Tech, LLC's
5  principal Hamza Khan declared that the websites were hacked, so they were victims
6  rather than tortfeasors, and did not cause or contribute to Plaintiffs' damages [Doc.
7  54-3, para. 6, 2:16-22]. And, Abdullah Khan declared Abdullah Limited Company
8  did NOT even have a website, so it could not have harmed Plaintiffs in any manner
9  alleged [Doc. 54-2, para. 3, 2:7-10].  The Moving Parties also included a proposed
10 Answer to the FAC [Doc. 54-12].

11  The principle of law is: "[a] meritorious defense is measured not by whether
12 there is a likelihood that it will carry the day, but whether the evidence submitted, if
13 proven at trial, would constitute a complete defense." *Jenkens & Gilchrist v. Groia &*
14 *Co.* (5th Cir. 2008) 542 F.3d 114, 122 (denial of default set aside was vacated under
15 FRCP 60(b)(1) and remanded in case involving dispute over legal bill retainer).  The
16 FAC contains no allegations of wrongdoing directly by Moving Parties.  Plaintiffs'
17 burden is to prove complicity in some vast conspiracy.  Moving Parties deny they
18 were involved with other Defendants, see for instance, Abdullah Khan decl. [Doc. 54-
19 2, paras. 4-5, 2:11-22], which denial if proven at trial, would be a complete defense to
20 the FAC.

21 **2.     Legal Analysis**

22  Plaintiffs do not quarrel with Moving Parties' recitation of the law and citation
23 to precedent.  Plaintiffs provide some case law, but do not explain how the facts in
24 this case would justify reliance on any other case mentioned by them.  It remains a
25 principle of law that "the language of an opinion must be construed in light of the
26 facts of the particular case, an opinion's authority is no broader than its factual
27 setting, and the parties cannot rely on a rule announced in a factually dissimilar case."
28

-4-

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]

*Woods v. Fox Broadcasting Sub., Inc.,* 129 Cal.App.4th 344, 352 (2005). Turning then to the cited cases for guidance with the facts of our matter:

Moving Parties initially relied on *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001) [Doc. 54-1, 4:7-14]. There default judgment on life insurance policy was entered in favor of decedent's mother and against his wife, who failed to answer complaint or cross-claim. The Circuit Court reversed after reciting the facts and finding that the culpability standard, as one of the grounds for set aside, was not as high as determined by the District Court, particularly in light of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) [Doc. 54-1, 4:25-26]. The Circuit Court found that denial based on culpability of defendant had to be supported by an act that was "willful, deliberate, or evidence of bad faith," *Id*., at 697. *TCI* is strong precedent here, since Moving Parties may also have been aware of a date for filing a response to the FAC, but did not act intentionally by untimely responding. Their response – without legal counsel – was rejected. [Doc. 56, 7:3-4, referring to striking of the earlier response at Doc. 46]. Delayed response was not intentional, as reflected by the facts that: Moving Parties' principals are from Pakistan [Doc. 56-11, Hamza Khan stating: "... I was there for last summer when I got married in Pakistan, because I am from Pakistan myself."]. The principals reside in homes in York, Pennsylvania where no other Defendants dwell [Doc. 54-2, para. 5, 2:15-22]. They made a mistake of law in believing they could represent their companies, see *Brien v. Kullman Industries, Inc.,* 71 F.3d 1073, 1077 (2d Cir. 1995) [Doc. 54-2, 6:2-3]. And, they made a mistake of fact in believing that once they explained the true facts to Plaintiffs' principal, they could settle the case and be dismissed, see *Whitman v. United States Lines, Inc.,* 88 FRD 528, 530 (E.D. Tex. 1980) [Doc. 54-2, 6:14-15]. Plaintiffs do not challenge the tenets of law as cited in these precedent.

Plaintiffs' citations do not compel a different result. In *McManus v. American*

-5-

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
Case No. 8:23-cv-01243-KK-DFM
U.S. District Judge Kenly Kiya Kato

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]

*States Ins. Co.*, 201 F.R.D. 493 (C.D. Cal. 2000) (bad faith failure to defend case) [Doc. 56, 6:6-7], a sophisticated insurance company moved to set aside default, claiming its representative, the registered agent for process who had been in such position for nine years, had not read the summons. Judge Carter was not impressed with the insurer's alternative excuse that its representative subjectively believed the bad faith suit would be dismissed once the insurer accepted tender of defense, since the insurer had been telling the same story about accepting the defense for a year while the underlying litigation was proceeding and the insured was incurring increasing costs, *Id.*, at 498-501. The District Court found the insurer's conduct was culpable in leading to entry of default. By contrast here, the lack of litigation experience of Moving Parties' principals is a far cry from the insurer's sophistication in *McManus*, supra.

*In re Hammer*, 940 F.2d 524 (9th Cir. 1991) [Doc. 56, 6:10-13] is hardly appropriate precedent here. Hammer was a convicted con artist who lured investors with forged deeds and then sought to discharge all debts in liquidation bankruptcy. Hammer was served with adversary complaint seeking to avoid his discharge, and default judgment was entered against him. Two years later he moved for set aside under *FRCP* 60(b), *Id.*, at 526. In contrast, Moving Parties challenged entry of their default within a month.

And, in *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038 (9th Cir. 1992) which was a second case involving the same parties in a breach of fair representation case, a motion for summary judgment was granted in favor of defendant-union by the District Court, and affirmed on different grounds on appeal. The District Court had allowed the second case to proceed by re-characterizing it as an *FRCP* 60(b) motion. The entire quotation at Plaintiff's pin cite is: "the movant must demonstrate 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.*, at 1043. Fatal to appellants' case in *Engleson* was failure to allege facts to show "there were equitable grounds for

-6-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
Case No. 8:23-cv-01243-KK-DFM
U.S. District Judge Kenly Kiya Kato

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]

vacating the district court's judgment." *Id*.  In contrast, Moving Parties have alleged and supported their allegations of mistake of law (that they could represent their companies) and mistake of fact (that by giving the true facts to Plaintiffs' principal their companies would be dismissed as a settlement), and further that they have a meritorious defense to the FAC because they too were victims of identity hacking.

**3.     Conclusions**

Defendants-Moving Parties were not culpable for the events that resulted in entry of default. They moved expeditiously for relief from default, and have submitted proposed Answer to the FAC [Doc. 54-12], further demonstrating a meritorious defense.

Plaintiffs' case, which relies on unauthorized use of Moving Parties' address and phone number, where there was no control over a website since only a call to the website host was needed to terminate the website following receipt of Plaintiffs' complaint, is very thin.

Wherefore, Defendants-Moving Parties pray that the motion for set aside be granted, that their concurrently submitted Answer be filed, and for such further proper relief.

Respectfully submitted,

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated:  December 23, 2024       By:        /s/  David R. Flyer
                                            David R. Flyer
                                            Raquel Flyer Dachner
                                            Attorneys for Defendants
                                            ABDULLAH LIMITED COMPANY, BINOTECH LLC, and HIK TECH LLC

-7-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT
Case No. 8:23-cv-01243-KK-DFM
U.S. District Judge Kenly Kiya Kato

[C:\ALL FILES\A2217\Drafts\Reply.MtnSetAside-01pld.wpd]