UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 23-1243-KK-DFMx | Date: | January 13, 2025 |
|---|---|---|---|
| Title: | *Joanna Ardalan et al v. Doe 1 et al* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defaulting Defendants' Motion to Set Aside Default [Dkt. 54]

## I. INTRODUCTION

On July 12, 2024, plaintiffs Joanna Ardalan and One LLP (collectively, "Plaintiffs") filed the operative First Amended Complaint ("FAC") against Binotech LLC, Karen Mummert, Michael Mummert, Abdullah Limited Company, Coders Cube LLC, HIK Tech LLC, Data Patch, Inc., and Does 1-10[1] alleging various claims, including infringement and unfair competition. ECF Docket No. ("Dkt.") 29. Defendants Binotech LLC, HIK Tech LLC, and Abdullah Limited Company ("Defaulting Defendants") failed to make an appearance in this matter. Hence, on October 24, 2024, Plaintiffs filed a request for entry of default, and on October 25, 2024, the Clerk of Court entered default against Defaulting Defendants. Dkts. 49, 50. On November 25, 2024, Defaulting Defendants filed the instant Motion to Set Aside Default ("Motion"). Dkt. 54.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Defaulting Defendants' Motion is **GRANTED**.

///

---

[1] The Court reminds Plaintiffs, per the Court's July 23, 2024 Order, any remaining Doe defendants will be dismissed on or after the date of the scheduling conference in this matter. See dkt. 38.

## II.
## BACKGROUND

On July 12, 2024, Plaintiffs filed the operative FAC against various defendants, including Defaulting Defendants, alleging claims for (1) infringement of the right of publicity; (2) unfair competition; (3) unfair competition under California law; (4) trademark infringement; (5) trademark counterfeiting; and (6) false designation of origin/unfair competition.  Dkt. 29.  The claims arise out of allegations Defaulting Defendants "have stolen and misappropriated the identity of one of Plaintiff One LLP's partners, Plaintiff Ardalan, by falsely claiming Ardalan is the 'Head IP Attorney' of Defendants Law Integral, LLC and Deputy Trademark, Trademark Integral, and Brand Registration and are using her good standing with the California State Bar and professional reputation to fraudulently profit off of trademark registration services and prelitigation legal services without her consent or knowledge."  Dkt. 29 at 2.

On July 29, 2024, Defaulting Defendants were served with a copy of the summons and FAC.  Dkt. 39.  Defaulting Defendants failed to answer or otherwise respond to Plaintiffs' claims.  Hence, on October 24, 2024, Plaintiffs filed a request for entry of default, and on October 25, 2024, the Clerk of Court entered default against Defaulting Defendants.  Dkts. 49, 50.

On November 25, 2024, Defaulting Defendants filed the instant Motion to Set Aside Default ("Motion").  Dkt. 54.  In support of the Motion, Defaulting Defendants filed three declarations: Declaration of Declaration of Abdullah Khan ("A. Khan Decl."), Declaration of Hamza Khan ("H. Khan Decl."),  Declaration of David R. Flyer ("Flyer Decl.").  Id.  Additionally, Defaulting Defendants filed eight exhibits: Exhibit 1, a copy of the entry of default; Exhibit 2, the articles of incorporation for defendant Abdullah Limited Company; Exhibit 3, a police report filed by Defaulting Defendants; Exhibit 4, the corporation certificate for defendant Binotech LLC; Exhibit 5, the corporation certificate for defendant HIK Tech LLC; Exhibit 6, invoice from defendant Binotech LLC; Exhibit 7, invoice from defendant HIK Tech LLC; and Exhibit 8, a proposed answer to Plaintiffs' FAC.  Id.

On December 19, 2024, Plaintiffs filed an Opposition to the Motion.  Dkt. 56.  In support of the Opposition, Plaintiffs filed the Declaration of Joanna Ardalan ("Ardalan Decl."), attaching ten exhibits encompassing various communications between Plaintiffs and Defaulting Defendants.  Dkt. 56-1 – 56-11, Exhibits A-H.

On December 23, 2024, Defaulting Defendants filed a Reply in support of the Motion.  Dkt. 57.

On January 7, 2025, Plaintiffs filed an additional declaration by plaintiff Ardalan and a copy of a spreadsheet from JP Morgan Chase bank, which Plaintiffs allege demonstrates defendant Binotech LLC's fraud in this matter.  Dkt. 61.

This matter, thus, stands submitted.

///

///

# III.
# LEGAL STANDARD

Rule 55(c) provides "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default for good cause, a court considers "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]." Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). "As these factors are disjunctive, the district court [is] free to deny the motion if any of the three factors [is] true." Id. (internal quotations and citations omitted). However, courts should apply the "good cause" standard liberally when considering whether to set aside a default judgment because the interest in preserving the finality of judgments is absent. United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010). Moreover, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Such "extreme circumstances" should be present to justify denying a motion to set aside a default judgment. Mesle, 615 F.3d at 1091.

# IV.
# GOOD CAUSE WARRANTS SETTING ASIDE ENTRY OF DEFAULT AGAINST DEFAULTING DEFENDANTS

Here, the Court finds the three factors weigh in favor of setting aside default against Defaulting Defendants.

First, with respect to culpable conduct, the Court finds Defaulting Defendants have not been culpable for failing to appear in the lawsuit earlier. Conduct is culpable when a defendant "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." Mesle, 615 F.3d at 1092 (emphasis in original). According to the Motion, Defaulting Defendants thought they were in settlement discussions with Plaintiffs, see dkt. 54-1 at 6, and tried to file an Answer, see dkt. 42, but it was stricken due to the Answer being filed by non-attorneys attempting to appear pro se on behalf of Defaulting Defendants, see dkt. 46. Stone v. Walker, No. EDCV-22-916-JGB-KKx, 2022 WL 17224668 (C.D. Cal. Sept. 16, 2022) ("Failure to answer the complaint for "understandable reasons . . . [that are] in no way designed to obtain strategic advantage in the litigation" does not amount to culpable conduct.") (citation omitted). Thus, there is no basis to conclude Defaulting Defendants intentionally failed to answer. Therefore, the first factor weighs in favor of setting aside default.

Second, with respect to whether Defaulting Defendants have a meritorious defense, the Court finds Defaulting Defendants have alleged "sufficient facts that, if true, would constitute a defense." Mesle, 615 F.3d at 1094. "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." Id. In the Motion, Defaulting Defendants allege "unknown persons or entities hacked their websites, seized control of the sites to the exclusion" and, therefore, Defaulting Defendants did not engage in the accused fraud. Dkt. 54-1 at 7. These allegations, if true, would support a defense to Plaintiffs' claims. While Plaintiffs argue this defense is neither

believable nor supported by evidence, the Court will not decide the merits of this case at this stage. Therefore, the second factor weighs in favor of setting aside default.

Third, with respect to prejudice, the Court finds this factor weighs in favor of setting aside the default. To be prejudicial, "the standard is whether [plaintiffs'] ability to pursue [their] claims will be hindered." Falk, 739 F.2d at 463. Plaintiffs argue they will be prejudiced because "they have invested substantial time and money in giving Defendants a meaningful opportunity to discuss the merits of this case." Dkt. 56 at 9. The Court is not persuaded by this argument because Plaintiffs' arguments do not set out circumstances that would prevent Plaintiffs from continuing to pursue their claims. Falk, 739 F.2d at 463. Moreover, Defaulting Defendants filed the instant Motion only a month after default was entered. Therefore, the third factor weighs in favor of setting aside default.

Accordingly, Defaulting Defendants' Motion to Set Aside Entry of Default is **GRANTED**.

## V.
## CONCLUSION

For the reasons set forth above, Defaulting Defendants' Motion is **GRANTED**. Additionally, the Court **ORDERS** as follows:

1. Default by Clerk, dkt. 50, is **VACATED**;

2. Defaulting Defendants shall file their Answers **no later than seven (7) days from this Order**.

**IT IS SO ORDERED**.