David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Defendant
ABDULLAH LIMITED COMPANY,
BINOTECH LLC, and HIK TECH LLC

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BINOTECH LLC; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY; CODERS CUBE LLC; HIK TECH LLC; DATA PATCH, INC.; DOE 1, d.b.a. LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a. DEPUTY TRADEMARK, business entity unknown; DOE 3, p.k.a. MICHELLE SPRAGUE, an individual; DOE 4, d.b.a. TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a. BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 8:23-cv-01243-KK-DFM<br><br>**DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>U.S. District Judge:<br>　Kenly Kiya Kato<br>U.S. Magistrate Judge:<br>　Douglas F. McCormick<br><br>Courtroom: 3<br>　3470 12th Street, Riverside, California 92501<br>Complaint filed: July 12, 2023<br>Default taken: October 25, 2024<br><br>**DEFENDANTS DEMAND TRIAL BY JURY** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

　　　Defendants BINOTECH LLC, HIKTECH LLC and ABDULLAH LIMITED COMPANY (collectively, the "Answering Defendants") hereby respond as follows to

-1-

the Complaint (Dkt. No. 29) filed by Plaintiffs JOANNA ARDALAN, ESQ, and ONE LLP. The Answering Defendants have concurrently filed a Motion to Set Aside the Default (Dkt. No. 50). The Answering Defendants specifically deny all allegations not expressly admitted below.

## PRELIMINARY STATEMENT

1. Deny.

## JURISDICTION AND VENUE

2. Paragraph 2 of the FAC states legal conclusions to which no response is required.

3. Paragraph 3 of the FAC states legal conclusions to which no response is required.

4. Paragraph 4 of the FAC states legal conclusions to which no response is required. In regards to the allegations regarding Defendant Trademark Deputy, the Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them. In regards to the allegations that Defendants have provided legal services under the guise that they are members of the California State Bar, the Answering Defendants deny.

## PARTIES

5. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them.

6. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them.

7. Admit.

8. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them.

9. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them.

10. There is no paragraph 10 in the FAC.

[C:\ALL FILES\A2217\Drafts\Answer-02pld.wpd]

1  11. Admit.

2  12. The Answering Defendants lack sufficient information or knowledge to
3  admit or deny the allegations and therefore denies them.

4  13. Admit.

5  14. The Answering Defendants lack sufficient information or knowledge to
6  admit or deny the allegations and therefore denies them.

7  15. The Answering Defendants lack sufficient information or knowledge to
8  admit or deny the allegations and therefore denies them.

9  16. The Answering Defendants lack sufficient information or knowledge to
10 admit or deny the allegations and therefore denies them.

11 17. The Answering Defendants lack sufficient information or knowledge to
12 admit or deny the allegations and therefore denies them.

13 18. The Answering Defendants lack sufficient information or knowledge to
14 admit or deny the allegations and therefore denies them.

15 19. The Answering Defendants lack sufficient information or knowledge to
16 admit or deny the allegations and therefore denies them.

17 20. The Answering Defendants lack sufficient information or knowledge to
18 admit or deny the allegations and therefore denies them.

19 **COMMON FACTS TO ALL COUNTS**

20 *Plaintiffs' Business as a Prominent Intellectual Property*
21 *Litigation Partner and Law Firm*

22 21. The Answering Defendants lack sufficient information or knowledge to
23 admit or deny the allegations and therefore denies them.

24 22. The Answering Defendants lack sufficient information or knowledge to
25 admit or deny the allegations and therefore denies them.

26 23. The Answering Defendants lack sufficient information or knowledge to
27 admit or deny the allegations and therefore denies them.

28 24. The Answering Defendants lack sufficient information or knowledge to

-3-

admit or deny the allegations and therefore denies them.

*Defendants' Business as a "Virtual Law Firm"*

25. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them. For purposes of answering the FAC, the Answering Defendants visited "lawintegral.com" and were directed to a "GoDaddy" webpate indicating that "The domain name LawIntegral.com is for sale!"; the address "deputytrademark.com" directs to a page stating "This site can't be reached."; and the address "trademarkintegral.com" similarly results in a page sating "This site can't be reached."

26. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them because the website "lawintegral.com" can no longer be reached.

27. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them because the website "lawintegral.com" no longer exists. As to the allegation that "Plaintiffs looked up Defendant Sprague," the Answering Defendants lack sufficient information or knowledge as to what searches Plaintiffs have completed.

28. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them because the website "Deputytrademark.com" can no longer be reached.

29. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them because the website "Trademarkintegral.com" can no longer be reached.

30. As to the Answering Defendants, deny, the Answering Defendants lack sufficient information or knowledge to admit or deny the allegations as they relate to the other Defendants.

31. The Answering Defendants lack sufficient information or knowledge regarding what subpoenas Plaintiffs issued or what information Plaintiffs discovered,

1  and therefore cannot answer these allegations.

2      32.    As to the Answering Defendants, deny.

3  *Defendants Unlawful Activities*

4      33.    As to the Answering Defendants, deny.

5      34.    The Answering Defendants lack sufficient information or knowledge as
6  to if, how or when Plaintiffs were "alerted" and therefore denies these allegations.

7      35.    The Answering Defendants lack sufficient information or knowledge to
8  admit or deny the allegations and therefore denies them.

9      36.    The Answering Defendants lack sufficient information or knowledge to
10 admit or deny the allegations and therefore denies them.

11     37.    The Answering Defendants lack sufficient information or knowledge to
12 admit or deny the allegations and therefore denies them.

13     38.    The Answering Defendants lack sufficient information or knowledge to
14 admit or deny the allegations and therefore denies them.

15     39.    The Answering Defendants lack sufficient information or knowledge to
16 admit or deny the allegations and therefore denies them.

17     40.    The Answering Defendants lack sufficient information or knowledge to
18 admit or deny the allegations and therefore denies them.

19     41.    As to the Answering Defendants, deny.

20     42.    As to the Answering Defendants, deny.

21     43.    As to the Answering Defendants, deny.

22         **FIRST CAUSE OF ACTION**

23     **Infringement of the Right of Publicity, Common Law**

24         **and Cal. Civil Code §3344**

25     **(By Plaintiff Ardalan Against All Defendants)**

26     44.    Defendants incorporate all of their other denials as though stated here.

27     45.    As to the Answering Defendants, deny.

28     46.    As to the Answering Defendants, deny.

| | | |
|---|---|---|
| 1 | 47. | As to the Answering Defendants, deny. |
| 2 | 48. | As to the Answering Defendants, deny. |

## SECOND CAUSE OF ACTION

**Unfair Competition Under California Business And Professions Code §§17200 et seq.**

**(By Plaintiffs Against All Defendants)**

| | | |
|---|---|---|
| 7 | 49. | Defendants incorporate all of their other denials as though stated here. |
| 8 | 50. | As to the Answering Defendants, deny. |
| 9 | 51. | As to the Answering Defendants, deny. |
| 10 | 52. | As to the Answering Defendants, deny. |
| 11 | 53. | As to the Answering Defendants, deny. |
| 12 | 54. | As to the Answering Defendants, deny. |
| 13 | 55. | As to the Answering Defendants, deny. |

## THIRD CAUSE OF ACTION

**Unfair Competition Under California Common Law**

**(By Plaintiffs Against All Defendants)**

| | | |
|---|---|---|
| 17 | 56. | Defendants incorporate all of their other denials as though stated here. |
| 18 | 57. | As to the Answering Defendants, deny. |
| 19 | 58. | As to the Answering Defendants, deny. |
| 20 | 59. | As to the Answering Defendants, deny. |
| 21 | 60. | As to the Answering Defendants, deny. |

## FOURTH CAUSE OF ACTION

**Trademark Infringement, 15 U.S.C. § 1114**

**(By Plaintiff ONE Against All Defendants)**

61. Defendants incorporate all of their other denials as though stated here.

62. Admit that this allegation is set forth in the foregoing paragraphs, but the Answering Defendants lack sufficient information or knowledge to verify this allegation.

63. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them.

64. As to the Answering Defendants, deny.

65. As to the Answering Defendants, deny.

66. As to the Answering Defendants, deny.

67. As to the Answering Defendants, deny.

68. As to the Answering Defendants, deny.

69. As to the Answering Defendants, deny.

70. As to the Answering Defendants, deny.

**FIFTH CAUSE OF ACTION**

**Trademark Counterfeiting, 15 U.S.C. § 1116**

**(By Plaintiff ONE Against All Defendants)**

71. Defendants incorporate all of their other denials as though stated here.

72. Paragraph 72 of the FAC states legal conclusions to which no response is required.

73. Paragraph 73 of the FAC states legal conclusions to which no response is required

74. As to the Answering Defendants, deny.

75. As to the Answering Defendants, deny.

76. As to the Answering Defendants, deny.

77. As to the Answering Defendants, deny.

78. As to the Answering Defendants, deny.

79. As to the Answering Defendants, deny.

80. As to the Answering Defendants, deny.

81. As to the Answering Defendants, deny.

///

///

///

[C:\ALL FILES\A2217\Drafts\Answer-02pld.wpd]

## SIXTH CAUSE OF ACTION

**False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a)**

**(By Plaintiff ONE Against All Defendants)**

82. Defendants incorporate all of their other denials as though stated here.

83. The Answering Defendants lack sufficient information or knowledge to admit or deny the allegations and therefore denies them.

84. As to the Answering Defendants, deny.

85. As to the Answering Defendants, deny.

86. As to the Answering Defendants, deny.

87. As to the Answering Defendants, deny.

88. As to the Answering Defendants, deny.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the requested relief.

## FIRST AFFIRMATIVE DEFENSE

(Mistake)

89. As a first affirmative defense, Defendants allege the FAC and every cause of action contained therein is barred by mistake that the Answering Defendants are not the correct party to be named based on their address and information being misappropriated.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

90. As a second affirmative defense, Defendants allege the Complaint and every cause of action contained therein is barred by unreasonable delay in pursuing any claim for damages, equitable relief or an accounting.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

91. As a third affirmative defense, Defendants allege the Complaint and every cause of action therein, as well as any right to recover damages, is barred, or

alternatively shall be reduced in amount, by Plaintiffs' failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Allege Sufficient Facts)

92. As a fourth affirmative defense, Defendants allege the Complaint and every cause of action therein, fail to state sufficient facts to constitute a claim. Wherefore, Defendants pray:

1. Plaintiff take nothing by virtue of its complaint;

2. For costs of suit and attorney's fees; and

3. For such further proper relief.

Respectfully submitted,

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: November 25, 2024   By: /s/ David R. Flyer
David R. Flyer
Raquel Flyer Dachner
Attorneys for
Defendants ABDULLAH LIMITED COMPANY, BINOTECH LLC, and HIK TECH LLC

**DEFENDANT DEMANDS TRIAL BY JURY**

[C:\ALL FILES\A2217\Drafts\Answer-02pld.wpd]