Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiffs,*
Joanna Ardalan, Esq. and One LLP

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br>v.<br>BINOTECH LLC,; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY, CODERS CUBE LLC, HIK TECH LLC, DATA PATCH, INC., DOE 1, d.b.a LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a DEPUTY TRADEMARK. business entity unknown; DOE 3, p.k.a MICHELLE SPRAGUE, an individual; DOE 4, d.b.a TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-01243-KK-(DFMx)<br>Hon. Kenly Kiya Kato<br><br>**JOINT RULE 26(F) REPORT** |

**JOINT RULE 26(F) REPORT**

Plaintiff Joanna Ardalan, Esq. and One LLP ("Plaintiffs") and DefendantsAbdullah Limited Company, Binotech LLC, and Hik Tech LLC ("Defendants") (collectively, "Parties") hereby submit the following Rule 26(f) Report following their Rule 26(f) conference of counsel:

    a.    **Statement of the Case**:

**<u>Plaintiff's Position</u>**

Plaintiffs brought this lawsuit against Defendants alleging that Defendants misappropriated the identity of one of One LLP's partners, Joanna Ardalan, while providing legal services to members of public without Plaintiffs' consent or knowledge. Plaintiffs allege that Defendants represent to the world that they are a "virtual law firm" and charge exorbitant fees for legal services they were never permitted to perform and even make up legal disputes as an excuse to charge their victims more money. Defendants have represented that Ardalan is their "Head IP Attorney" and when members of the public complain about the Defendants' fees or unauthorized legal work, Defendants provide Ardalan's State Bar number. Plaintiffs allege infringement of the right of publicity, unfair competition, unfair competition under California common law, trademark infringement, trademark counterfeiting, and false designation of origin/unfair competition.

**<u>Defendants' Position</u>**

Defendants Abdullah Limited Company ("ALC") solely owned by Abdullah Khan, and Binotech LLC ("BTL") and Hik Tech LLC ("HTL") solely owned by Hamza Khan, are parties, who as set forth in their declarations at Doc. 54-2 paragraphs 2-6, and Doc. 54-3 paragraphs 2-7, are blameless. They did not cause or contribute to Plaintiffs' harm, if any. Instead, these responding Defendants, who are unaffiliated with other Defendants, are innocent victims of computer hacking and misrepresentation. The other Defendants do not reside in the Pennsylvania home of Abdullah Khan -- who was during most of the time of this lawsuit a college student. Abdullah Khan lives with his parents. The other Defendants did not ask for

permission to use his address or telephone number, and certainly did not share receipts of money with him.  Abdullah Khan never created or used any website for his company ALC.  There is no evidence against his company ALC, and ALC should be dismissed forthwith.

Similarly, Hamza Khan set up BTL and HTL for business opportunities, which he has since allowed to lay fallow after obtaining a job as a marketing representative for an architectural firm.  Any similarity between Hamza Khan's websites and other Defendants may be due to the fact that he hired Techdrive Pvt, Ltd., to create his websites, and we speculate that the website designer may have shared data and information with others, but without Hamza Khan's permission.  It is also possible that a different hacker was involved, since Hamza Khan relied on the services of a management company Hype Digital. The arrangement called for Hype Digital to be paid money to manage the website for BTL, and to collect money from customers for whom BTL performed work.  On the six occasions identified by Plaintiff at Doc. 61 2:25-27 where BTL received about $3,000, these funds were for work performed by BTL where payment was collected and forwarded by Hype Digital. At some point, the websites were corrupted by outside individuals, and are no longer controlled by Hamza Khan.  Hamza Khan did not consent to use of his parents' address or telephone number and did not receive any money from other Defendants.  There is no evidence of wrongful conduct by BTL or HTL.

Defendants ALC, BTL, and HTL should be dismissed forthwith.  Plaintiff may pursue the other Defendants. Although, since it has been 16 months since the Complaint was filed, and the other Defendants have not been located, the pursuit may lead to nothing.  Plaintiffs' representation at Doc. 66 2:9-11, that they will seek default judgment against Doe Defendants seems to be a pointless waste of judicial and legal resources.  How are Doe judgments enforceable against anyone?

b. **Subject Matter Jurisdiction: Joint Position**. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), over

the Lanham Act claims. Moreover, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims.

  c. **Legal Issues:**

**Plaintiffs' Position**

The parties do not foresee any unusual substantive or procedural issues. With respect to the evidence, one issue is it appears some of the evidence or witnesses may be located in Pakistan.

**Defendants' Position**

There is an issue under Federal Rule of Civil Procedure 11, in Plaintiffs pursuing the responding Defendants ALC, BTL, and HTL, who have no liability and no witnesses or evidence have been developed against them.

  d. **Parties, Evidence, Etc.:**

**Plaintiffs' Position**

Joanna Ardalan, One LLP, Binotech, LLC, Abdullah Limited Company, Hik tech LLC, Does doing business as Law Integral, Deputy Trademark, Michelle Sprague, Trademark Integral, Brandregistation.org, Hamza Khan, Abullah Khan. The Parties do not have any other affiliates or parent companies.

**Defendants' Position**

ALC, BTL, and HTL are unrelated to any other parties, and do not belong in this lawsuit.

  e. **Damages**:

**Plaintiffs' Position**

At this time, the evidence of actual damages are in the possession and control of Defendants. Plaintiffs are also entitled to statutory damages for counterfeiting, of up to $2,000,000.

**Defendants' Position**

3
**JOINT RULE 26(F) REPORT**

Plaintiffs have not disclosed the basis for calculation of any damages. And if there are any damages, Plaintiffs have certainly not disclosed the mechanism by which ALC, BTL, and HTL caused or contributed to any damages.

  f. **Insurance**: Defendants do not have insurance for this matter.

  **g.** **Motions:**

<u>Plaintiffs' Position</u>

Plaintiff intends to file a motion for summary judgment as to liability. Plaintiff may also add additional parties should they discover other parties involved.

**Defendants' Position**

If this matter continues as to ALC, BTL, and HTL, they will file under Federal Rule of Civil Procedure 56 for summary judgment or partial summary judgment.

  g. **Manual for Complex Litigation**: **Joint Position**. The Parties agree that the manual for complex litigation is not necessary.

  h. **Status of Discovery**:

**Plaintiffs' Position**

Plaintiffs have begun third party discovery per the Court's previous orders.

**Defendants' Position**

By the date of the hearing, if not dismissed, Defendants will have propounded written discovery as precursors to depositions of Joanna Ardalan and Plaintiffs' person most qualified.

  i. **Discovery Plan**:

**Plaintiffs' Position**

The parties agree to exchange initial disclosures on March 10, 2025. They foresee no issue regarding ESI or privileged materials, but will seek to resolve any issues if they arise. They do not request any changes to the Federal Rules or Local rules regarding discovery. The parties intend to submit a proposed

Protective Order for the production of confidential documents and information. The parties propose October 15, 2025 as the discovery cut-off deadline.

**Defendants' Position**

The initial disclosures under Federal Rule of Civil Procedure 26(a) should be exchanged by March 10, 2025. Concur that percipient witness discovery cut-off should be October 15, 2025.

j. **Dispositive Motions**: **Joint Position**. Both parties anticipate filing motions for summary judgment or partial motions for summary judgment on the issue of liability.

k. **Settlement: Joint** Position. The parties had settlement discussions and discussed informal exchanges of information. The Parties request a settlement conference with a magistrate judge. While the Parties understand that the Court does not generally set settlement conferences before a magistrate judge, per the Court's Order Setting Scheduling Conference, the parties believe that a settlement conference would be more likely to result in resolution considering the unusual circumstances of this case and the fact that Defendants deny their involvement notwithstanding documentary evidence which Plaintiffs contend demonstrate otherwise.

l. **Consent to a Magistrate Judge: Joint Position**. The Parties do not consent to a magistrate judge.

m. **Trial Estimate: Joint Position**. The Parties anticipate a 4 day trial by jury. Plaintiffs anticipate calling 5-6 witnesses and 1-2 expert witnesses. Defendants anticipate calling approximately 2 fact witnesses and reserve the right to call expert witnesses.

n. **Trial Counsel**: **Joint Position**. Peter R. Afrasiabi and Joanna Ardalan will serve as lead counsel for Plaintiffs. David R. Flyer and Raquel F. Dachner will serve as lead counsel for Defendants.

o. **Independent Expert: Joint Position.** The parties do not anticipate a

need for an independent expert or master.

  p. **Timetable: <u>Joint Position</u>.** Attached hereto as Exhibit A is the Schedule of Pretrial Dates.

  q. **Other Issues: Joint Position.** The parties do not foresee other issues that affect the status or management of the case.

Dated: February 27, 2025      **ONE LLP**

            By: /s/Joanna Ardalan
              Joanna Ardalan
              Peter R. Afrasiabi

            *Attorneys for Plaintiffs,*
             Joanna Ardalan, Esq. and One LLP

Dated: February 27, 2025      **FLYER & FLYER, A Professional Law Corporation**

            By: /s/ David R. Flyer

              David R. Flyer
              Raquel F. Dachner

            *Attorneys for Defendants,*
             Abdullah Limited Company, Binotech LLC, and Hik Tech LLC

**SIGNATURE ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  February 27, 2025     **ONE LLP**

By: /s/ Joanna Ardalan
    Joanna Ardalan