1  Peter R. Afrasiabi (Bar No. 193336)
   pafrasiabi@onellp.com
2  Joanna Ardalan (Bar No. 285384)
   jardalan@onellp.com
3  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
4  Newport Beach, CA 92660
   Telephone:  (949) 502-2870
5  Facsimile:   (949) 258-5081

6  *Attorneys for Plaintiffs,*
   Joanna Ardalan, Esq. and One LLP

7

8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA ARDALAN, ESQ, an individual; ONE LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br>v.<br><br>BINOTECH LLC,; KAREN MUMMERT; MICHAEL MUMMERT; ABDULLAH LIMITED COMPANY, CODERS CUBE LLC, HIK TECH LLC, DATA PATCH, INC., DOE 1, d.b.a LAW INTEGRAL, LLC, business entity unknown; DOE 2, d.b.a DEPUTY TRADEMARK. business entity unknown; DOE 3, p.k.a MICHELLE SPRAGUE,an individual; DOE 4, d.b.a TRADEMARK INTEGRAL, business entity unknown; DOE 5, d.b.a BRANDREGISTRATION.ORG, business entity unknown; and DOES 6 through 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-01243-KK-(DFMx)<br>Hon. Kenly Kiya Kato<br><br>**NOTICE TO THE COURT RE PROOF OF SERVICE IN SUPPORT OF PLAINTIFFS' REQUEST TO ENTER DEFAULT & RESPONSE TO OSC** |

**NOTICE TO THE COURT RE PROOF OF SERVICE IN SUPPORT OF DEFAULT**

To the Court:

Plaintiffs filed a request that the clerk enter default on the Complaint on February 27, 2025. (Dkt. 69.) That default was rejected by the clerk because Plaintiffs had not filed a proof of service of the First Amended Complaint. Plaintiffs request that the Court enter default against Defendants Doe 1, d/b/a Law Integral, LLC, Doe 2, d/b/a Deputy Trademark, Doe 3, p/k/a Michelle Sprague, Doe 4, d/b/a Trademark Integral, Doe 5, d/b/a Brandregistration.Org (the "Defaulting Defendants") for the following reasons:

Plaintiffs were permitted to serve the Complaint to the Defaulting Defendants by email. (Dkt. 18.) Plaintiffs complied with the Court's order per the Declaration of Joanna Ardalan, filed on December 6, 2023. (Dkt. 22.) That declaration is proof of service of the Complaint.

While Plaintiffs have served Defendants with the First Amended Complaint (Ardalan Decl. Ex. A), their service of that pleading is not necessary per the Federal Rules. Under Fed. R. Civ. P. 5(a)(2), after a defendant is in default, a plaintiff is not required to serve any filings on the defendant. "But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." *Id*. Here, the First Amended Complaint did not add a claim against the Defaulting Defendants, it merely identified additional non-defaulting defendants and allegations related to them. Therefore, Plaintiffs respectfully request that default be entered against the Defaulting Defendants now. If the Court is not inclined to enter default, then Plaintiffs will refile the request after the expiration of the 21 days from service of the First Amended Complaint.

Respectfully submitted,

Dated: March 5, 2025
                                         **ONE LLP**
                                         By: /s/Joanna Ardalan
                                                 Joanna Ardalan
                                                 Peter R. Afrasiabi

|   |   |
|---|---|
| 1 |   |
| 2 | *Attorneys for Plaintiffs,* Joanna Ardalan, Esq. and One LLP |
| 3 |   |